No. 50.—JOHN W. CARTER and WIFE, plaintiffs in error *vs.* GEORGE F. BUCHANAN, defendant in error.

THE SAME, plaintiffs *vs.* WILLIAM R. ROOT, defendant in error.

[1.] A writ of error to the Supreme Court will not lie for errors alleged to have been committed by the Court below upon the trial of a cause before the petit jury, *where an appeal has been entered and is pending*.

From Wilkes.

The above two cases involved the same state of facts, and the same points, and are therefore consolidated in this report.

It appears that the plaintiffs in error instituted two several actions of trover, one against Buchanan and the other against Root, in the Superior Court of the County of Wilkes, and that upon the trial before the petit jury, Judge SAYRE presiding, in the Court below, verdicts were rendered for the defendants, and judgments for costs entered up, from which the plaintiffs appealed, under the statute in such cases, for the purpose of having a second trial of said cases in the Court below, before a special jury.  At the same term of the Court, upon alleged errors in the charge of the Judge to the jury, the plaintiffs sued out writs of error, for the purpose of having the errors complained of reviewed and corrected by the Supreme Court.

These cases being called in their order—

TOOMBS, for the defendant in error, moved to quash the writ of error in each case, on the ground that a writ of error does not lie upon any judgment or opinion pronounced by the Court below, upon the *first* trial, *after an appeal has been entered*.

ANDREWS, for the plaintiffs in error.

TOOMBS, for the defendants in error.

*By the Court*—NISBET, J. delivering the opinion.

The plaintiffs in error, John W. Carter and wife, instituted two actions of trover in the County of Wilkes, and upon the first trial before the petit jury, verdicts were rendered for the defendant in

each of them, and judgments for costs were entered up. The plaintiffs in these cases entered an appeal according to our statute laws; at the same time upon alleged errors of the Court in its charge to the jury, a *writ of error* was brought to this Court. The motion now is, to quash the writ in both the cases, upon the ground that a writ of error does not lie to this Court, upon any judgment or opinion pronounced by the court upon the first trial, *after an appeal has been entered.*

[1.] It is contended by the counsel for the plaintiffs, that it does not appear to this Court that appeals have in fact been taken. That this can only appear by the testimony of the Circuit Court Clerk, under oath. It appears from the record, duly certified by the clerk, that appeals were entered; it is made his duty, by our organic law, to certify and send up a transcript of the entire record in the case; this is not only sufficient evidence of the fact, but it is the *only* evidence upon which this Court can act; we can receive no other evidence of any kind. In the fifth section of the act organizing the Supreme Court, it is provided, "that the Supreme Court shall proceed at the first term (unless prevented by Providential cause) to hear and determine each and every cause which may in manner aforesaid be sent up from the Court below, *upon the record and bill of exceptions,* on the grounds therein specified, and on no other grounds." 1 *Kelly,* VII *and* VIII, 4 *sec. Act of* 1845.

The jurisdiction of this court in the case made, is sought to be derived from the following clause of the Act of 1845, organizing this court, to wit: "The Supreme Court shall hear and determine at the first term of each court, all such cases in law and equity as may be brought from any of the Superior Courts of this State, within the district as created by this act, for which said Supreme Court is holden. *All causes of a criminal or civil nature may for alleged error in any decision, sentence, judgment or decree of any such Superior Court, be carried up from the counties in the respective districts aforesaid, to the Judges of the Supreme Court at the respective terms thereof of such district, to be by said Supreme Court revised and determined.*" This grant of jurisdiction was designed to be and is, very broad. It attaches upon any *decision, sentence, judgment or decree,* which may be had before the Superior Courts, in any case criminal or civil. Unlike the jurisdiction of the Supreme Court of the United States, it is not confined to *final judgments.* It contemplates unquestionably writs of error upon interlocutory judgments; and such has been our construction of the law, for we

have entertained writs founded upon *orders to dissolve injunctions in chambers,* and upon *motions for new trials.* Yet there are some limitations to the grant. *There must* be a *decision, sentence, judgment, or decree, and that quoad* the *subject matter of it* must not be *inchoate,* or *interlocutory,* but *final.* It may be interlocutory as to the cause, but as to the point decided, it must be *final.*

In this case there was no subsisting operation, decision, sentence, judgment or decree, upon which error could be assigned. The entering the appeal vacated the judgment in favour of the defendant below, and *ipso facto* arrested or defeated the effect of any opinion of the Court against the plaintiffs upon which that judgment may be presumed to have been founded. The appeal being entered, such opinions lost their character of finality; in truth the act of the party who now seeks to review, annulled them; the appeal takes the whole case up, both as to law and facts. " An appeal is a civil process and removes a cause entirely, subjecting the law and facts to a review and re-trial." *Mr. Justice Washington in the United States* vs. *Goodwin,* 7 *Cranch R.* 108; 2 *Peters Cond. R.* 434. ` Pending the appeal, there is no judgment upon which process can issue, the rights of the parties are in abeyance and are dependant, not upon the past, but the future action of the court. Suppose this writ was sustained, and this Court should affirm the decisions complained of, what effect would such affirmance work? would it revoke or discharge the appeal and arrest the litigation? I suppose not. The judgment of this Court would be *brutum fulmen,* or it would operate as an instruction to the Court upon the trial of the appeal; and if it should so operate, this Court would present the ridiculous attitude of a tribunal correcting errors in advance of a case made, or an error assigned. We should become volunteers to instruct upon points which may never be raised, and to correct errors which never may be committed. Upon this plan, all the powers of the Superior Courts would be usurped, and this Court be the entire judiciary.

I can see no difference between the adjudication of points of law, abstractly presented wholly irrespective of an existing case, and the determination of questions coming before us as these do. All corrective tribunals of which I have any knowledge, have declined to entertain any question which does not grow out of the case made by the record. Nor will they permit questions of law to be made in the courts below with a view to taking them up, which do not fairly spring out of the facts. It is contended that

under the Act of 1845, this Court may remit a case with instructions: that is true, our powers are not limited to a naked judgment of affirmance or reversal; we may instruct, but only in cases where we have the jurisdiction. So the question returns.

For the reasons given, the motion to quash these writs must prevail. We are satisfied with this decision upon principle; equally well upon expediency. It can do the plaintiff no injury; upon the appeal he is entitled to be heard both upon the law and the facts; *then,* if he feels aggrieved, the doors of this Court are open to his plaint. It is said that to *instruct the courts in advance* will speed the cause and hasten the administration of justice. The fact is doubted. It might retard the progress of justice, but if it did not, what then? Does any one, cognizant of the organization of this Court, believe that its justice need be speeded? It is now, not from choice, but legal necessity, the most rapidly moving court of errors in Christendom. No man can rise up before this Court and complain of the law's delays. Twice has one case been brought before us and finally determined below, in about twelve months. No cause, when regularly brought up, can remain upon our docket more than one term, but for Providential cause. The course of complaining might rather be reversed; it is to be feared that our action may be complained of as too expeditious for the best ends of justice. The conclusion to which learned counsel would conduct us, would result in costly works of supererogation—no more. The plaintiffs below had their election to appeal or not; they elected to appeal; had they not appealed, and left the judgment in force against them, *then* we are not prepared to say but that a writ of error would have been at their command. Indeed I think there can be no doubt of it. It has, however, been determined in Massachusetts, New York, and Alabama, that a party, having by statute the right of appeal from the judgment or verdict of an Inferior Court, and failing to exercise it, cannot for that reason maintain a writ of error before the Supreme Court. *Russell et al.* vs. *Price,* 7 *Porter R.* 277; *Ex parte Sanford,* 5 *Ala. R.* 562; *Savage* vs. *Gulliver,* 4 *Mass. R.* 177, 178; *Champion* vs. *Brooks,* 9 *Mass. R.* 228, 229; 17 *John. R.* 484; *Smith* vs. *Rice,* 13 *Mass. R.* 512; *see also* 1 *Nott & McCord,* 430; 3 *Wheat.* 433.

We are not prepared to go so far as these cases go. If the party has no notice of the suit, or is prevented by any cause, without laches on his part, from entering an appeal, he is entitled to his writ. *See cases last cited.*

It is the judgment of the Court that the writs in the two cases, Carter and wife *vs*. George F. Buchanan, and Carter and wife *vs*. William R. Root, be quashed.