Johns *vs.* Fuller and another.

Let the jucgment be reversed.

---

No. 75.—ENOCH JOHNS, plaintiff in error, *vs.* FULLER & JAMES, defendants in error.

[1.] A writ of error does not lie to a decision on the trial at Common Law, in favor of the party appealing from the judgment rendered at that trial.

Motion to dismiss.

HAWKINS, for the motion.

LYON & CLARK, *contra.*

*Per Curiam.*—NISBET, J. delivering the opinion.

[1.] The defendants in error joining issue, protested against farther action on the writ of error and moved its dismission, upon the ground that the plaintiff in error had entered an appeal which was now pending in the Court below. Upon the trial of the cause at Common Law, the plaintiff having opened his

case, and whilst proceeding to make out the same by evidence, moved to amend his declaration by striking out the name of one of the defendants. His motion was granted and the cause proceeded, and a verdict was rendered for the plaintiff. The defendant appealed, and also sued out a writ of error to this Court, upon the motion to amend the declaration. No *supersedeas* was taken out. The question is, can the writ of error, under these circumstances, be sustained? Our judgment is, that it cannot. Had the plaintiff in error not appealed, there could be no doubt of his being properly before this Court.

In *Carter and Wife vs. Buchanan*, this Court held, that errors alleged in the instructions of the Court to the Jury, upon a trial at Common Law, an appeal having been entered, were not the subject of a writ of error, because the judgment of the Court was not final as to the cause, or as to the subject matter. The appellant could, upon the final hearing, have excepted to the errors complained of, and we held him, on that account, premature in coming up to this Court. We farther held, that a review of the decisions complained of, would do the plaintiffs in error no good, because the reversal could not oust the appeal and reinstate the case as it stood at Common Law. In that case, we laid down the rule that to sustain a writ of error, "there must be a decisive sentence, judgment or decree, and *that, quoad,* the subject matter of it, must not be inchoate, or interlocutory, but final. It may be interlocutory, as to the cause, but as to the point decided, it must be final." This rule was confirmed in *Jones et al. vs. Dougherty,* (2 *Kelly,* 338. *Jones et al. vs. Dougherty,* 11 *Ga. R.* 305.) This case differs from *Carter and Wife vs. Buchanan* in this, that the judgment awarded on the motion to amend is final. I do not see how the plaintiff in error can reach that hereafter. But it is like that, in this, that a reversal would do him no good—it would not bring the cause back to the Common Law docket— nor would it reinstate the stricken party. The cause is obliged to move on as it now stands on the appeal. We might correct the error, if error there be, as amateurs in Judicial revision, without being able to control the effect of the error.

We are not willing to entertain a writ of error, when no result follows our judgment beneficial to either party. Should we retain this writ and pronounce the ruling of the Court below error, a serious question might arise as to costs. Had not the plaintiff in error appealed, his case would be rightfully here. As the case now stands, the motion to dismiss must prevail.

Let an order be entered accordingly.