## MONTGOMERY *v.* REYNOLDS.

LUMPKIN, J. 1. "A direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment will not be entertained by this court." *Newberry* v. *Tenant,* 121 *Ga.* 561; *Kibben* v. *Coastwise Dredging Co.,* 120 *Ga.,* 899; *Harrell* v. *Tift,* 70 *Ga.* 730; *Trustees etc.* v. *Merchants and Planters National Bank,* 62 *Ga.* 284; *Barge* v. *Robinson,* 115 *Ga.* 41.

2. In so far as the case of *Haskins* v. *Bank,* 100 *Ga.* 216, and cases which follow it, are in conflict with the ruling here made, they have been practically overruled. *Kibben* v. *Coastwise Dredging Co.,* 120 *Ga.* 899-901.

3. In the case of *Newberry* v. *Tenant,* 121 *Ga.* 561, supra, it was held: "A statement in a bill of exceptions, that 'plaintiff excepts to said verdict and judgment as being contrary to law,' is not a valid assignment of error and will not be considered by this court. . . Accordingly, where the only attempt to assign error upon a final judgment was ineffective for the reason stated in the first headnote above, and every other assignment of error was in the form of a direct exception to a ruling made pendente lite, the writ of error must be dismissed." The judgment was rendered by a full bench, and is binding until reviewed and reversed, or modified. It is conclusive in the present case.

*Writ of error dismissed. All the Justices concur.*

Argued January 22,—Decided February 21, 1906.

Motion to dismiss the writ of error.

*Henry Walker,* for plaintiff in error.
*R. T. Fouché* and *M. B. Eubanks,* contra.