## HENDRICKS *v.* REID, Judge.

1. In *Newberry* v. *Tenant,* 121 *Ga.* 561, it was held that "A direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, will not be entertained by this court." This decision was concurred in by the entire court. It was based on the decision in *Harrell* v. *Tift,* 70 *Ga.* 730, and other like rulings, and was followed in *Montgomery* v. *Reynolds,* 124 *Ga.* 1053.

2. Request has been made that this court should review and reverse the decisions just referred to, and others of like character. If it were desired to do so, it could not be done in this case, as one of the members of the court is absent on account of providential cause. Nor, if all were present, is it held that there would be a concurrence of the entire bench, which would be necessary for the purpose indicated.

3. A bill of exceptions having been tendered to the presiding judge, which did not except to any final judgment or assign error thereon, but assigned error only on the allowance of an amendment to a plea, the admission of certain evidence, and a charge of the court, none of which were necessarily controlling, and which contained no brief of the evidence, and the presiding judge having declined to certify the same, this court will not compel him to do so by mandamus.

4. If there had been a sufficient assignment of error and the bill of exceptions were otherwise complete, it is unnecessary to decide whether the trial judge was authorized to determine that the rulings complained of were not controlling, and thereupon refuse to certify such bill; or whether he should have signed it, and left this court to determine as to the character of the rulings.

Argued March 19,—Decided July 2, 1906.

Application for mandamus.

Hendricks brought an action for damages against Mrs. J. W. Ballard. On the trial, which appears to have lasted about ten

days, a verdict was rendered for the defendant. The plaintiff tendered to the presiding judge a bill of exceptions, which contained none of the evidence introduced except the substance of one set of depositions which was objected to. The errors assigned consisted in the allowance of an amendment to the defendant's plea, the admission of the depositions of a witness which were objected to, the rejection of a certain article appearing in a newspaper, and an extract from the charge of the court as follows: "In passing on the question of probable cause it should be done from the standpoint of the defendants, and you determine whether ordinarily reasonable and prudent persons, from that standpoint, would or would not find probable cause, as defined to you, in the apparent facts which the evidence may show you were within the knowledge of the defendants; and in determining what was the proper and reasonable interpretation to be given such apparent facts you may take into consideration all the dealings and contentions between the parties with reference to the Ballard House as you may get the same from the evidence in the case." There was no other assignment of error, nor any exception to the verdict or judgment. The presiding judge declined to sign the bill of exceptions, and application was made to this court for a mandamus to require him to do so.

*Anderson & Anderson* and *L. W. Thomas,* for movant.

*C. T. Hopkins* and *L. Z. Rosser,* contra.

LUMPKIN, J. (After stating the facts.) In *Newberry* v. *Tenant,* 121 *Ga.* 561, it was held that "A direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, will not be entertained by this court." This decision was concurred in by all six Justices, and can not be reversed except by a concurrence of the entire bench. It was followed in *Montgomery* v. *Reynolds,* 124 *Ga.* 1053. The ruling dates back as far as the decision in *Harrell* v. *Tift,* 70 *Ga.* 730. Whether an exception to the verdict would suffice is not in question.

It is asked that we review these and other similar decisions and reverse them. If it were desired so to do, there being five Justices now present, one member of the court being absent on account of providential cause, this could not be done in the present case. But aside from this, it is not determined that the concurrence of the entire bench could be had, if all were present.

As this view controls the application and results in a denial of a

mandamus absolute, it is unnecessary to enter into a discussion of the effect of the decision in *Henderson* v. *State*, 123 *Ga.* 739, on the present case, or to decide whether, if a bill of exceptions conforms to the law in other respects and contains all that is necessary for a clear understanding of the error or errors complained of, the presiding judge should certify it, and leave this court to determine whether the rulings on which error was assigned were erroneous or not, or whether they were controlling in character or not; or whether he should determine whether they were controlling in character, and, if he should think them not to have been of such a nature, refuse to sign the bill of exceptions.

*Mandamus absolute denied. All the Justices concur, except Fish, C. J., absent.*