## LYNDON *v.* GEORGIA RAILWAY AND ELECTRIC CO.

1. Where the case brought to this court or the Court of Appeals is not one in which a judgment on a motion for a new trial is to be reviewed, the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed.
2. If exception is taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of.

23

3. If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice, relatively to the point now under consideration, to give the reviewing court jurisdiction.

4. A petition was filed for the recovery of damages on account of personal injuries received by a passenger on a street-car by being thrown down by a jerk of the car. The plaintiff offered an amendment, alleging that the conductor refused him equal accommodation with other passengers by failing to furnish him a seat while other passengers were so furnished, and that by reason of being required to stand he was not able to resist the jerk of the car as he would have done had he been seated; and also that these circumstances and other things alleged created circumstances of aggravation. The trial court refused to allow the amendment. *Held*, that this ruling cut off a part of the case which the plaintiff claimed the right to set out in his petition as a basis for recovery, and prevented him from relying on a ground of recovery which he sought to set up. It was such a ruling as necessarily controlled the final judgment in the sense that it prevented the plaintiff from placing before the jury at all a substantial allegation of duty violated, constituting negligence, on the basis of which a recovery was claimed. A fortiori it was a material and substantial ruling.

Argued May 6,—Decided October 3, 1907.

This case was transmitted to the Supreme Court with the following certificate:

"The Court of Appeals desires the instruction of the Supreme Court as to the following questions of law for the proper decision of the above-stated case, to wit:

1. Has this court jurisdiction of a case where the bill of exceptions, brought by the plaintiff in the court below, contains only the following assignments of error: (1) An assignment that the court erred in refusing to allow an amendment to the petition. (2) An assignment upon the final judgment as follows: 'After said rulings the case went to trial regularly on its merits, with submission of evidence and charge of the court, and a verdict was rendered for the defendant and judgment entered thereon. Having refused to allow the petition to be amended as above recited, and such rulings being controlling, as plaintiff in error contends, in the result of the case, the court erred in permitting said verdict to be rendered and said judgment to be entered. To the

action of the court in permitting said verdict to be rendered and said judgment to be entered, the plaintiff in error excepted, now excepts and assigns the same as error, upon the ground that the same was contrary to law, and that the court having refused to let the petition be amended, and such refusal,. as plaintiff in error contends, being controlling in effect, the said verdict and judgment could not be a legal termination of the case.'

2. Is the assignment of error last mentioned above a sufficient assignment of error upon a final judgment, as contemplated by the decision of the Supreme Court in *Newberry* v. *Tenant*, 121 *Ga.* 561 (49 S. E. 621), and cases therein cited?

3. Where a petition is filed for the recovery of damages on account of personal injuries received by a passenger on a street-car by being thrown down by a jerk of the car, and the plaintiff offered amendments alleging that the conductor refused him equal accommodations with other passengers by failing to furnish him a seat while other passengers were so furnished, and that by reason of being required to stand he was not able to resist the jerk of the car as he would have done if he had been seated, and also that these circumstances and other things therein alleged created circumstances of aggravation, and the trial court refused the amendments; is an exception to the refusal of the court to allow the amendments a necessarily controlling ruling within the purview of the act approved Dec. 20, 1898, relating to practice in the Supreme Court (Acts 1898, p. 92)? The petition, proposed amendments, and the other portions of the record necessary to the determination of this question are set forth fully in the bill of exceptions and record herewith transmitted; and request is made that the Supreme Court have reference to the same in connection with this question. Counsel for plaintiff in error requests the court to consider and review the case of *Hendricks* v. *Reid*, 125 *Ga.* 775 (54 S. E. 747), and the cases which it follows, and the case of *Henderson* v. *State*, 123 *Ga.* 739 (51 S. E. 764), and any case it may follow; and pursuant to the rule of this court, the request is transmitted herewith for the action of the Supreme Court."

*Henry A. Alexander*, for plaintiff. *Rosser & Brandon, Walter T. Colquitt,* and *Ben. J. Conyers,* for defendant.

LUMPKIN, J.  It is of great importance that rules of practice should be settled, so that attorneys may know how to comply with them in bringing their cases to this court or the Court of Appeals. In the past there has been some difference of views in regard to the sufficiency of certain exceptions and assignments of error; and where the decision has not been unanimous, it has sometimes resulted in a lack of harmony in rulings.  We deem it desirable to arrive at a unanimous decision on the question of practice before us.  In a matter not involving substantive law touching the rights of parties, but a matter of practice, it is sometimes better to mutually somewhat modify individual views, where it can be conscientiously done, than to adhere to the letter of former utterances.  The holder of each view may contribute something to make a consistent and harmonious **rule** of practice.

The main point involved in the questions certified by the Court of Appeals may be resolved into three questions:  (1) Is it necessary to except to a final judgment in order to reverse such judgment, or can it be done by merely excepting to a ruling during the trial?  (2) What kind of exception or assignment is required, where the error is in the final judgment itself—in its form or substance?  (3) Is the same particularity of exception and assignment as to the final judgment requisite where the error does not arise in the judgment itself, but where the judgment is infected with error by reason of some antecedent error committed during the pendency of the case or during the trial, which is material, or is controlling, and which enters into the final result?

In *Harrell* v. *Tift,* 70 *Ga.* 730, it was said that "There must be a valid exception to some final ruling of the court below, on which to predicate other assignments of error."  In that case the bill of exceptions excepted to and assigned error on the rejection of certain evidence.  It then recited the returning of a verdict, and that the bill of exceptions was tendered within thirty days from the end of the term.  Apparently there was no exception at all to the final judgment; and the question of what would have been a sufficient exception and assignment of error was not discussed.  In *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20), it was ruled that "A bill of exceptions which does not complain of any ruling or decision of the trial judge, and contains no assignment of error except the following:  'And the defendant assigns said

verdict and judgment as error, the same being contrary to law,' is palpably without merit. As has been repeatedly ruled, a verdict can not be thus reviewed in the Supreme Court." Here also there was not a question as to what exception to or assignment of error upon the final judgment would have sufficed to furnish a basis for exceptions to and assignments of error upon rulings during the trial. It may be mentioned, in passing, that the judgment entered was one of affirmance, rather than dismissal. In *Kibben* v. *Coastwise Dredging Co.*, 120 *Ga.* 899 (48 S. E. 330), it was sought to bring to this court a ruling striking an amendment to a petition, alone, without any exception being taken to the final judgment. It was held that this could not be done; but what kind of exception to the final judgment was necessary, or what sort of specification of error, was not dealt with. Then came *Newberry* v. *Tenant*, 121 *Ga.* 561 (49 S. E. 621), where it was held that a general statement in a bill of exceptions that "plaintiff excepts to said verdict and judgment as being contrary to law" was not valid; that a direct bill of exceptions to a ruling pendente lite, which did not assign error upon any final judgment, would not be entertained; and therefore that where all the assignments of error were to rulings pendente lite, except that as to the final judgment, which was as above indicated, the case could not be heard. This went further than the preceding decisions. Only headnotes were filed. They were made by putting two rulings already noticed together, and from them drawing a conclusion. We are not wholly satisfied with a part of it, and we shall modify it and the cases following it. The point of dissatisfaction is this: In order to get rid of a judgment, the plaintiff in error should ask in a legal way to get rid of it, that is, should except to it. If error inherent in the judgment itself is complained of, not only should it be excepted to, but the assignment should specify the error. To illustrate: If the error claimed should be that it did not follow the verdict; or was rendered in vacation without authority of law; or if the case were submitted to the court without a jury, and he decided it on the law and the facts, an assignment of error should not merely generally allege that the judgment was wrong, but show wherein it was wrong. It may be wrong on the law for some reason. It may be wrong on the facts. If the judgment is erroneous, not in itself, but because of antecedent error which en-

tered into or infected it, then there can be no separate and dis-
tinct assignment of error on the judgment for other reason than
because it was so infected or controlled thereby. If the final judg-
ment is excepted to, and exception is made to and error duly as-
signed upon the ruling complained of, specifications of error in
the ruling need not be repeated in the exceptions to the final judg-
ment, if they alone are relied on as making the judgment errone-
ous. *Hendricks* v. *Reid,* 125 *Ga.* 775 (54 S. E. 747), merely fol-
lowed the ruling in *Newberry* v. *Tenant,* as to the sufficiency of
the assignment, without approving it, but holding it binding until
reviewed and reversed or modified. The same is true of *Mont-
gomery* v. *Reynolds,* 124 *Ga.* 1053 (53 S. E. 512.) In the *Hen-
dricks* case there was no exception at all save to interlocutory
rulings. The case of *Henderson* v. *State,* 123 *Ga.* 739 (51 S. E.
764), not only produced a diversity of opinions among the mem-
bers of this bench, but it is feared has been somewhat misappre-
hended by some of the members of the bar. The writer of the
majority opinion, in dealing with and having in view the specific
subject before him—an effort to segregate a ruling and bring it
up apparently under the act of 1898 (Acts 1898, p. 92), and in
referring to the "short form" of bill of exceptions under that
act, as contrasted with bringing up the case "in the usual form,"
did not describe or state in detail what was meant by "the usual
form." On page 749 it was said that "There are two ways by
which a case may be brought to this court. One is by the usual
and ordinary methods of procedure. The other, for convenience,
may be called the short form." The expression "the short form"
referred to excepting to the judgment, decree, or verdict, segre-
gating a certain ruling, assigning error on it, and bringing it up
as a necessarily controlling ruling, in the brief mode set out in the
act of 1898. What was the "usual form" referred to in the sec-
ond headnote, or the "usual and ordinary methods of precedure"
referred to in the excerpt from the opinion above quoted, as con-
trasted with the short form mentioned? Obviously it referred to
some forms or methods for bringing cases to this court which were
usual before or aside from the act of 1898. What were they?
The forms and methods under the act of 1889 (Civil Code, § 5528
et seq.), which are published in the code in a chapter headed "Of
taking cases to the Supreme Court," and in an article entitled

"Mode of Procedure." The majority of this court did not hold that these sections were repealed or any right of exception under them was cut off by the act of 1898; but that the act sought to provide a brief method for excepting to a verdict or judgment and assigning error on rulings which were necessarily controlling. Thus ordinarily, to determine whether rulings on evidence, or as to matters of practice in the trial of the case, or charges, and the like, are erroneous, or, if so, are of such materiality as to cause a reversal, it is necessary to have a brief of evidence in the bill of exceptions or the record, under the general law. The question of what exceptions to rulings require the presence of evidence is not here involved. This question arises on a ruling as to pleading. By the act of 1898 the majority of the court thought that the legislature intended to provide a briefer mode of procedure in certain cases, but that in order to proceed under that act the case must be brought within its terms; and that while the act of 1889 provided for omitting the evidence where it is unnecessary, and certifying to that fact, the two acts were not identical in all respects, and the legislature had not merely re-enacted the sections of the code. In the opinion in the *Henderson* case it was also stated, though not elaborated, that there was no brief of the evidence, and no exception at all to the final judgment; nothing in fact but an effort to except to two rulings pending the trial. Apparently it was sought to except under the act of 1898, but the majority of this court thought the bill of exceptions was not sufficient. Our learned brother Cobb differed from the majority. He thought that the act of 1898 added nothing to and detracted nothing from the law as it already stood, but merely redeclared the existing law. His views will be found in his dissenting opinion stated fully and more cogently than the writer can state them. This extended reference to the *Henderson* case is made not with the intention of again discussing the two views there presented; but in order to show that there may have been some misunderstanding of what was said in that case, and that in fact the two views are not so wide apart or so irreconcilable as may have been supposed, or as to preclude a conscientious reconciliation and meeting on a common ground, at least as to the questions now presented by the Court of Appeals.

Briefly, then, we may say that we all concur in holding that the

act of 1889, codified as stated above, has not been repealed or restricted by the act of 1898; and that what could have been done before the act of 1898 can still be done. Whether or not there are cases as to which the act of 1898 authorizes a short or brief form of bill of exceptions, which might not suffice under the prior law, is immaterial to the question now in hand.

Section 5526 of the Civil Code reads as follows: "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto; but, at any stage of the cause, either party may file his exceptions to any decision, sentence, or decree of the superior court; and if the same is certified and allowed, it shall be entered of record in the cause; and should the case at its final determination be carried by a writ of error to the Supreme Court by either party, error may be asigned upon such bill of exceptions, and a reversal and new trial may be allowed thereon, when it is manifest that such erroneous decision of the court has or may have affected the final result of the case." As to the rulings prior to the original code, see *Carter* v. *Buchanan,* 2 *Ga.* 337; *Jones* v. *Dougherty,* 11 *Ga.* 305; *Johns* v. *Fuller,* 13 *Ga.* 506; *Allen* v. *Ball,* 9 *Ga.* 286 (3), 293, cited by Mr. Justice Cobb in *Kelly* v. *Strouse,* 116 *Ga.* 884-5 (43 S. E. 280). It is unnecessary to discuss decisions as to what judgments fall within the meaning of this law. Nor are we dealing with what assignment is sufficiently specific as to judgments on applications for injunctions and the like. In the Civil Code, §5528, it is said that "the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed." In the case before us a verdict was found and final judgment was rendered. Exception was taken to and error assigned on the ruling rejecting the amendment. Exception was also made and error assigned on allowing the verdict to be taken and judgment entered, because the erroneous ruling entered into and affected the final judgment, or, as the bill of exceptions alleged, controlled it. Was this sufficient? What more could the plaintiff in error have said? If taken alone and disconnected from the ruling which the plaintiff thought erroneous, he did not contend that the judgment was

error, or that he could assign some other error in it. He could do nothing truthfully but what he did, and we think the law required no more. In such a case, we think it would suffice to keep the plaintiff in error in court to show how the case terminated, to except generally to the final judgment, and duly assign error in the ruling really complained of. As a result of what has been said, we answer the questions certified to us by the Court of Appeals, as follows:

(1) The assignment of error upon the refusal to allow the amendment to the petition and that upon the final judgment was sufficient to give the Court of Appeals jurisdiction.

(2) The assignment of error on the final judgment in this case is sufficient in specification, even under the decision in *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621), and cases therein cited. But we think that the decision in that case laid down too stringent a measure as to the requirement of specification of an assignment of error on the final judgment, where the only real error complained of is in some antecedent ruling or decision, and the final judgment is not complained of for some independent error inhering in itself, but because the ruling claimed to be erroneous controlled or affected the final result. Of course a general exception and assignment of error would not alone suffice, nor would it raise any question as to errors other than those pointed out.

(3) The refusal to allow the amendment to the petition involved in this case, if erroneous, was such a controlling error as could be brought up under the act of 1898, and a fortiori a substantial ruling which, if erroneous, would be a material error, reviewable under the provisions of the code, upon a proper bill of exceptions brought up in accordance therewith. We do not hold broadly that all rulings on amendments to pleadings are necessarily controlling rulings, or even substantial, but that the ruling here complained of is so. It cut off a material part of the case the plaintiff sought to set up in his pleading and to base a recovery upon, and thus limited the range and scope of his case. *Wright* v. *Hollywood Cemetery Corporation,* 112 *Ga.* 884 (38 S. E. 94, 52 L. R. A. 621).

If anything which may have been said in any of the cases referred to or those cited in them or following them conflicts with what is here ruled, it is modified accordingly. But we think, as

stated above, such conflict is often more apparent than real, when the cases are carefully considered, and results from expressions here and there which were not really necessary to the points decided.

## ON MOTION FOR A REHEARING.

Just before the close of the March term, 1907, of this court, which by operation of law must end, at the latest, on the Saturday before the beginning of the October term, counsel for defendant in error in the Court of Appeals applied for a reopening of the decision made by us and a further hearing, on the ground that if the Court of Appeals should decide that there was error at all in the rejection of the amendment offered, yet, comparing it with the original petition of the plaintiff and the amendment allowed, after the parts stricken on demurrer were eliminated, no injury could have resulted to the plaintiff, because there was enough in his pleading to raise all the questions which he could legitimately make with the aid of the amendment. We must decline the motion. No such question as this was made by the questions certified to us by the Court of Appeals, as we construe them. The merits of the case were not before us. We only passed upon the questions presented. We can not reopen the case for argument on a point thus suggested.

It was further asked that counsel have leave to have additional record sent to this court to indicate that the evidence submitted on the trial and the charge of the court would throw light on the question of whether any injury was done to the plaintiff. There are several reasons why we can not grant this request; among them being what has just been said; and that the case was carried from the trial court to the Court of Appeals, not to this court, and comes here on questions certified and the record sent from that court; and also that, on inquiry, counsel frankly admitted that neither the evidence nor the charge had ever been written out or filed and become a part of the record, and therefore the suggestion was not to have an existing record sent up, but to add to the record now on file in the trial court, and have the addition transmitted.