## 771.  ANDERSON v. HALL.

1. This court is without jurisdiction to consider a direct bill of exceptions. to a ruling made pendente lite which does not assign error upon any final judgment, and the writ of error in such case must be dismissed.
2. Writings transmitted with the record and attached thereto, which are not specified in the bill of exceptions, nor certified by the lower court, nor ordered to be transmitted to this court, can not be considered.

Trover, from city court of Abbeville.

Practice in the Court of Appeals.

Submitted December 17, 1907.—Decided February 11, 1908.

E. H. Williams, for plaintiff in error.  Hal Lawson, contra.

RUSSELL, J.  The plaintiff in error excepts to the ruling of the city court of Abbeville in refusing to allow an amendment to his plea as defendant in that court, and assigns error on that ruling. No exceptions pendente lite were filed, nor is any exception taken to the final judgment.  In fact, so far as the bill of exceptions and the record ordered to be transmitted disclose, it is not shown that any final judgment was rendered in the case.  Even if the case has been finally disposed of, we have no jurisdiction of the writ of error; for the reason that the final judgment is not excepted to.  We confess that we are not satisfied with this ruling. But we are bound by the precedents existing in a number of decisions in the Supreme Court.  And this court has heretofore ruled in conformity with these decisions, in Ox Breeches Mfg. Co. v. Byrd, 1 Ga. App. 40 (57 S. E. 975), and other cases, as we do in the present case.  As remarked by Judge Powell in the Ox Breeches Mfg. Co. case, supra, "We think that the decision in Haskins v. Bank, 100 Ga. 216 (27 S. E. 785), is more strictly in accordance with sound logic; yet, since this last-named case is expressly cited and overruled in Kibben v. Coastwise Dredging Co., 120 Ga. 899 (48 S. E. 330), we are, under the constitutional amendment creating this court, constrained to follow the rule now definitely settled by the Supreme Court."  In the present case, the refusal to allow the amendment offered by the defendant left him without any defense.  If the amendment had been allowed and the evidence had sustained the plea as amended, the defendant would have been entitled to a verdict in his favor.  So that, although the ruling of the court, if the judge had allowed the

amendment, would not have concluded the case, yet the ruling in *refusing* to allow the amendment was controlling. This being true, when the defendant's amendment was rejected, a judgment for the plaintiff, provided that she proved her case, was an inevitable sequence; and we see no reason why, in the plain and practical administration of justice, there should be any necessity for doing more, so far as the final judgment is concerned, than to state in the bill of exceptions that a final judgment was rendered in behalf of the opposite party, and let the exception and assignment of error be focussed on the real point in the case. Our personal views, however, are of no consequence, so long as our hands are tied by a number of prior adjudications of the Supreme Court.

The stringent rule laid down in *Newberry* v. *Tenant,* 121 *Ga.* 561 (49 S. E. 621), *Harrell* v. *Tift,* 70 *Ga.* 730, and the *Kibben* case cited above, was considerably modified in the recent decision in *Lyndon* v. *Ga. Ry. & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047). But it is still absolutely necessary, as a matter of form, to except to the final judgment, even if that judgment is right if the rulings upon which it was predicated were correct, and it is an antecedent controlling ruling which has worked injustice, if any has been done. In the opinion of the writer, the legislature should supplement §5526 of the Civil Code by an act which will give a litigent the right, upon the conclusion of his case in the lower court, to except and assign error upon any interlocutory ruling which controlled the final judgment, without being required to assume the contradictory position of assigning error or of excepting to a final judgment, which, in view of such previous ruling, was not only inevitable, but right. However, even under the decision in the *Lyndon* case, this plaintiff in error could have preserved his rights by excepting generally to the final judgment. This he failed to do, and the dismissal of the writ of error necessarily follows.

2. Perhaps to supply the place of a statement in the bill of exceptions that a final judgment was rendered, or as a substitute for specifying the judgment as a part of the record material to be sent up, there is attached to the transcript of the record what purports to be the final judgment rendered in this case. It is too well settled for argument that this paper has no place in the record and can not be considered. It should either have been

embodied in the bill. of exceptions (and thus it would have been . certified by the judge), or should have been specified as material,. in which case it would have been certified and ordered transmitted, in the certificate of the judge to the bill of exceptions. As it is,. it is no part of the record, because it is totally without verification..

*Writ of error dismissed.*