4946.  CARPENTER *v.* FIRST NATIONAL BANK OF SANDERSVILLE.

4947.  O'NEAL *v.* FIRST NATIONAL BANK OF SANDERSVILLE.

4948.  CHURCHILL *v.* FIRST NATIONAL BANK OF SANDERSVILLE.

4949.  KELLY *v.* FIRST NATIONAL BANK OF SANDERSVILLE.

4950.  PILCHER *v.* FIRST NATIONAL BANK OF SANDERSVILLE.

RUSSELL, J.  Suit was brought on a promissory note.  The bill of exceptions recites that the court passed "an order refusing an amendment to an original plea filed by the defendant and, on demurrer, struck the plea and amended plea, and entered judgment for the plaintiff."  The only assignment of error in the bill of exceptions is in the following language:  "To the action of the court in refusing the amendment to the original answer the plaintiff in error excepted, and now excepts and assigns the same as error, on the ground that the same was contrary to law."  *Held,* that the writ of error in each case must be dismissed.  To confer jurisdiction upon this court, it was essential that error be assigned upon the final judgment.  The judgment refusing to allow the amendment to the defendant's plea was not a final judgment; nor would the judgment allowing the amendment have effected a final disposition of the case.  A mere specification of a final judgment is not sufficient.  There must be at least a general assignment of error on the final judgment; else this court is without jurisdiction to determine any interlocutory ruling made during the progress of the trial.  The question of practice is controlled by the decision of the Supreme Court in *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (58 S. E. 1047).  See, also, *McCranie* v. *Shipp,* 10 *Ga. App.* 544 (73 S. E. 701); *Simmons* v. *Peagler,* 7 *Ga. App.* 252 (66 S. E. 629); *Whidden.* v. *Merry,* 8 *Ga. App.* 564 (69 S. E. 1085); *Neal-Blun Co.* v. *Zeigler,* 11 *Ga. App.* 273 (75 S. E. 142); *Mertins* v. *Pritchard,* 135 *Ga.* 643 (70 S. E. 328), and cases cited.

*Writ of error dismissed.*

DECIDED SEPTEMBER 23, 1913.

Complaint, from city court of Louisville—Judge Phillips.  April 21, 1913.

*R. N. Hardeman,* for plaintiffs in error.
*Gross & Swint, Evans & Evans,* contra.