### 11329. HENDRICKS v. TYSON.

BLOODWORTH, J. "The only error assigned in this case being the overruling of the demurrer to the plea and answer of the defendant in the court below, and there being no final judgment excepted to, the bill of exceptions is prematurely brought, and must be dismissed. Civil Code, § 6138." *Smith* v. *Leverette*, 18 *Ga. App.* 582 (89 S. E. 1094), and cases cited. See also *Montgomery* v. *Reynolds*, 124 *Ga.* 1053 (53 S. E. 512).

  *Writ of error dismissed. Broyles, C. J., and Luke, J., concur.*
    ON MOTION TO MODIFY JUDGMENT.

BLOODWORTH, J. Owing to the peculiar and unusual facts of this case, the motion to modify the judgment dismissing the plaintiff's bill of exceptions, by ordering in lieu thereof that the copy of said bill of exceptions retained in the office of the clerk of the city court of Nashville, Georgia, shall operate as a bill of exceptions pendente lite, is allowed, and the judgment formerly rendered in this case is so modified as to provide that the copy retained in the office of the clerk of the court below shall operate as exceptions pendente lite.

  *Broyles, C. J., concurs. Luke, J., absent.*
 DECIDED JULY 13, 1920. REHEARING DENIED JULY 29, 1920.
  JUDGMENT MODIFIED SEPTEMBER 23, 1920.

Complaint; from city court of Nashville — Judge Smith. February 20, 1920.

In this case a judgment, reciting that no defense had been interposed, was rendered against the defendants by the judge of the city court of Nashville on December 18, 1916, at the term to which the suit — an action on a promissory note — was brought; and on the same day one of the defendants filed a plea which set up that the note sued on was procured by threats of a criminal prosecution against his brother. In November, 1919, he offered and the court allowed an amendment by which he added to the plea the following allegation: "At this the first term of the court and before judgment in the case, defendant files this his plea to the merits, and shows that he signed said note as surety . . because of threats and coercion used by the plaintiff R. A. Hendricks, the purpose of this amendment being to show constructively that the original plea was filed in terms of the law before any judgment was rendered in the case." At the February term, 1920, on the call of the case, the plaintiff presented a written motion to strike the defendant's answer, because judgment was rendered against the defendants at the December term, 1916, and, as there was no motion to vacate the judgment, they were bound thereby. This

motion was overruled, and the judgment overruling it is the judgment complained of in the bill of exceptions, error being assigned thereon for the following reasons:    (a) It appears from the record that on December 18, 1916, the case was in default, and upon the call of the case the court entered up judgment in due and legal form, of which the defendants had notice, or under the law were charged with notice, and the judgment, until set aside and vacated upon proper proceedings, is binding on the defendants.    (b) More than three years having intervened since the rendition of the judgment, it could not be set aside by motion.    (c) No other legal direction could have been given to the case than to sustain the motion to strike the plea and let the execution in favor of the plaintiff proceed.    (d) The sustaining of the motion would have been a final determination of the case, and the order overruling it was contrary to the law of the case.

A motion to dismiss the writ of error was made by the defendant, on the ground that the bill of exceptions was premature.    After the dismissal of the writ of error the plaintiff filed a petition to the Court of Appeals to be allowed to file or use, as exceptions pendent lite, the copy of the bill of exceptions, then of file in the office of the clerk of the city court of Nashville.

*W. G. Harrison, R. A. Hendricks,* for plaintiff.

*Story & Story,* for defendant.