### 13019.   YATES *v.* OLIVENT, administrator.

In order to give this court jurisdiction of the case, the bill of exceptions must contain a general or a specific exception assigning error on the final judgment in the court below. Where the rendition of such a judgment is recited without such an assignment of error thereon, and the only assignment of error in the bill of exceptions is upon an interlocutory judgment, this court is without jurisdiction of the writ of error, and a motion to dismiss the writ must be sustained.

DECIDED APRIL 26, 1922.

Complaint; from city court of Bainbridge — Judge Spooner. October 1, 1921.

*Hartsfield & Conger,* for plaintiff in error.

*T. S. Hawes,* contra.

HILL, J. When this case was called in this court a motion to dismiss was presented, on the grounds that (1) there was no sufficient assignment of error on any ruling of the court; and (2) there was no assignment of error upon any final judgment. The first objection, we think, is without merit: The bill of exceptions contains a sufficient assignment of error, but this assignment of error is limited and restricted to the interlocutory judgment made by the court. The other objection, — that there was no assignment of error upon any final judgment, — seems to be well taken. The assignment of error in the bill of exceptions is in the following language: "Upon motion of the plaintiff the court directed a nonsuit as to defendant's set-off, and directed a verdict for the amount sued for upon the ground that there was no implied promise to pay for said services; and to reimburse him for the amount of doctor's bills paid out on her account, on account of the fact that she, the deceased, was the aunt of the defendant. *To which*

*ruling and judgment of the court in granting a nonsuit on defend-*
*ant's plea of set-off* the defendant then and there excepted, and
now excepts and assigns the same as error, as being contrary to
law." The specific assignment is restricted to the objection that
the judgment of the court in granting a nonsuit on defendant's
plea of set-off is erroneous. There was a final judgment by the
court for the amount of the suit, but there was no exception made
to this final judgment. In the case of *Tinsley* v. *Gullett Gin Co.,*
21 *Ga. App.* 512 (94 S. E. 892), Presiding Judge Jenkins, in a
very elaborate opinion, clearly stated the rule as to the point now
under consideration. He said: "Where exception is taken to a
preliminary judgment sustaining a demurrer to the defendant's
answer, it must not only appear from the bill of exceptions that a
final judgment has been rendered in the case, but it is also required
that error be assigned thereon. However, when a specific assign-
ment of error is made upon such previous ruling, and exception is
also taken to the final judgment, not for the reason that the latter
is erroneous within itself, but merely for the purpose of reaching
the error specifically complained of in the antecedent ruling, then
a general exception to the final judgment will be deemed sufficient."
The learned judge cites decisions of both the Supreme Court and
this court in support of this ruling. The bill of exceptions in the
instant case, while showing that a final judgment was rendered,
shows also that there was no assignment of error upon this final
judgment, either general or specific, but the only assignment of
error is limited to the judgment of nonsuit on the defendant's plea
of set-off. It would have been entirely sufficient if counsel in mak-
ing the exception had covered both the general judgment and the
interlocutory judgment in one single assignment by a general state-
ment. The judgment of nonsuit in the present case was the con-
trolling ruling, but this did not dispense with an assignment of error
also upon the final judgment, although the error in the final judg-
ment may not have arisen solely in itself, but arose by reason of the
antecedent error in the nonsuit. *Lyndon* v. *Ga. Ry. & Electric Co.*
129 *Ga.* 353 (58 S. E. 1047) ; *McCranie* v. *Shipp,* 10 *Ga. App.* 544
(73 S. E. 701). The ruling against the defendant's plea of set-off
was, of course, not the final judgment in the case, either in law or
in fact. " Striking an imperfect plea to the jurisdiction filed by
the defendant and rejecting an amendment thereto is not a final

judgment and does not dispose of the case; nor would it have done so had the amendment been allowed and the motion to strike been overruled." *Baldwin* v. *Lowe*, 129 *Ga.* 711 (59 S. E. 772). The ruling in the case of *Ellington* v. *Automobile Credit Sales Co.*, 145 *Ga.* 53 (88 S. E. 565), is very much in point: " The Automobile Credit Sales Company commenced an action, by attachment for purchase-money, against C. W. Ellington, J. S. Ellington, and V. L. Willins. The defendants filed an answer, which was amended. The plaintiff demurred to the answer as amended, and on the hearing the demurrer was sustained, and the plaintiff was allowed to proceed to verdict and judgment against the defendants. The defendants filed a direct bill .of exceptions, in which error was assigned specifically on the judgment sustaining the demurrer to the answer; but there was no assignment of error upon the final judgment in the case. *Held,* that the writ of error must be dismissed." And in the case of *Carpenter* v. *First National Bank of Sandersville,* 13 *Ga. App.* 497 (79 S. E. 360) the syllabus of the court is as follows: " Suit was brought on a promissory note. The bill of exceptions recites that the court passed ' an order refusing an amendment to the original plea filed by the defendant, and, on demurrer, struck the plea and amended plea, and entered judgment for the plaintiff.' The only assignment of error in the bill of exceptions is in the following language: ' To the action of the court in refusing the amendment to the original answer the plaintiff in error excepted, and now excepts and assigns the same as error, on the ground that the same was contrary to law.' *Held,* that the writ of error in each case must be dismissed. To confer jurisdiction upon this court, it was essential that error be assigned upon the final judgment. The judgment refusing to allow the amendment to the defendant's plea was not a final judgment; nor would the judgment allowing the amendment have effected a final disposition of the case. A mere specification of a final judgment is not sufficient. There must be at least a general assignment of error on the final judgment; else this court is without jurisdiction to determine any interlocutory ruling made during the progress of the trial." It follows from these decisions that the disposal of the plea of set-off by the ruling of the court was not a final disposition of the case, and that there was in fact subsequently a final judgment. There was no exception to this final judgment, either gener-

ally or specifically, and it follows that this court is without juris-
diction to consider and determine the correctness of the interlocu-
tory ruling on the set-off, which is the only assignment of error,
and the court is compelled, under these decisions, to sustain the
motion to dismiss the bill of exceptions, on the ground that there
is no assignment of error as to the final judgment.

*Writ of error dismissed.   Jenkins, P. J., and Stephens, J., concur.*