17989.　SOUTHERN RAILWAY CO. *v.* FLOYD COUNTY *et al.*

1. This court is without jurisdiction to entertain a bill of exceptions which fails to except to a final judgment. The mere fact that the record discloses a final judgment in favor of the defendant in error does not change the rule.

2. Where a taxpayer, by affidavit of illegality interposed to the levy of an execution issued in behalf of a county for taxes, challenged various items of the county tax levy, and where a demurrer by the plaintiff in fi. fa. to the affidavit was sustained in part and overruled in part, all grounds of the affidavit being stricken except one, and where on the subsequent trial of the case the jury returned a verdict in favor of the defendant in fi. fa. as to this ground, but made no finding as to the other grounds of the affidavit because they had been stricken on demurrer and were therefore not submitted as issues to the jury, such verdict was a final termination of the case in the trial court, and was adverse to the defendant in fi. fa. to the extent that it made no finding as to some of the grounds of the affidavit of illegality.

3. Where, after such proceedings, the taxpayer seeks to have the case reviewed by a writ of error, a bill of exceptions brought for that purpose, which contains no exception to the final verdict, and merely assigns error on the court's ruling on the demurrer, confers no jurisdiction on the court of review, and must be dismissed.

DECIDED OCTOBER 14, 1927.　REHEARING DENIED FEBRUARY 18, 1928.

Affidavit of illegality of execution; from Floyd superior court— Judge Maddox.　January 12, 1927.

*Maddox, Matthews & Owens, Edgar A. Neely,* for plaintiff in error.

*Graham Wright, R. A. Denny Jr.,* contra.

Appeal and Error, 4 C. J. p. 91, n. 30, 39.

44

BELL, J. William A. Wright, comptroller-general, issued a fi. fa. against the Southern Railway Company for the sum of $2272.63, as a balance of taxes alleged to be due by this company to Floyd county for the year 1925. On a levy upon property belonging to the defendant, it filed an affidavit of illegality attacking sundry items of the county tax levy. To this affidavit of illegality the plaintiff in fi. fa. demurred both generally and specially. The court, after hearing argument, sustained the demurrer "as to all items of the illegality except the item of paragraph 11 of the levy to pay farm demonstrators, as to which item of the illegality the demurrer is overruled." This judgment was rendered on September 28, 1926. The affiant, Southern Railway Company, excepted pendente lite to so much of this "order as sustains the demurrer to the illegality or any part thereof on any or all of the grounds of said demurrer." These exceptions were tendered and certified on October 22, 1926. The case was submitted to a jury on January 12, 1927, and terminated in the following verdict: "We, the jury, find in favor of the within illegality as to the eleventh item of the levy to pay farm demonstrator and home demonstration agent." Whereupon the railway company sued out a writ of error, reciting the facts stated above but assigning error only upon the judgment sustaining in part the demurrer to the affidavit of illegality and on the exceptions pendente lite taken thereto. There was no motion for a new trial, and the bill of exceptions contains no exception to the verdict or to any final judgment. The defendant in error has moved to dismiss the bill of exceptions upon the ground "that there is no exception to or assignment of error upon the final judgment as rendered in said case."

We think the motion to dismiss is well taken. It is insisted in the brief of counsel for the plaintiff in error, first, that the railway company could not have excepted to the court's judgment on the demurrer until after the final disposition of the case in the court below, and therefore had to resort to exceptions pendente lite; and, second, that since the final verdict was in its favor, it could not move for a new trial nor properly except to such verdict in the final bill of exceptions. Assuming, without deciding, that the company could not have excepted directly to the judgment on the demurrer, we disagree with the able counsel in their conten-

tion that the defendant could not have filed a motion for a new trial and thereafter excepted to the overruling of the same, if it were overruled, and that the defendant could not have excepted to the final verdict even in the direct bill of exceptions as brought. The verdict was in favor of the illegality on one point only, the defendant, for the purposes of trial, being concluded as to other grounds by the antecedent judgment on the demurrer. The fact that the railway company won a partial victory would not prevent it from excepting to the verdict or final judgment if dissatisfied with less than a complete victory. It often happens that a plaintiff will move for a new trial or otherwise except to a verdict where the recovery is in his favor but for less than the sum sued for, and for so much less that he is dissatisfied. The railway company in this case could have excepted to the verdict upon the theory that it was a final termination of the case against the affidavit of illegality as to all grounds except one. In view of the exceptions pendente lite to the court's ruling on the demurrer, a general exception to the final verdict would have been sufficient. Such exception was necessary to give this court jurisdiction of the case. A writ of error can not be predicated upon exceptions pendente lite alone. We think the general rule is applicable, that, "In order to give this court jurisdiction of the case, the bill of exceptions must contain a general or a specific exception assigning error on the final judgment in the court below." *Yates* v. *Olivent,* 28 *Ga. App.* 518 (111 S. E. 824); *Lyndon* v. *Ga. Ry. & El. Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047); *Tinsley* v. *Gullet Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892).

The fact that the record may disclose a final judgment in favor of the opposite party does not change the rule. *Lawrenceville Cotton Co.* v. *So. Ry. Co.,* 34 *Ga. App.* 333 (129 S. E. 290); *Ellington* v. *Automobile Credit Co.,* 145 *Ga.* 53 (88 S. E. 565); *Mertins* v. *Pritchard,* 135 *Ga.* 643 (70 S. E. 328); *Farmer* v. *White Sewing Machine Co.,* 29 *Ga. App.* 657 (116 S. E. 224); *Anderson* v. *Hall,* 3 *Ga. App.* 555 (60 S. E. 294).

*Writ of error dismissed.* *Jenkins, P. J., and Stephens, J., concur.*