### MATTHEWS *v.* MATTHEWS.

RUSSELL, C. J. 1. The motion to dismiss the writ of error is without merit. As ruled in *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (3) (58 S. E: 1047), "If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice . . to give the reviewing court jurisdiction."

2. It appearing that the instrument sought to be forfeited in this case purported to be a ne exeat bond, which was executed after the rendition of a final judgment and decree in the divorce proceeding between the parties, such bond was void, and the court erred in not sustaining the motion to dismiss the petition brought by the obligee in the bond, to have the same forfeited, one of the grounds of the motion being that the writ of ne exeat was not issued before the final judgment in the case. "The writ of ne exeat regno must be issued *prior* to a final judgment. The writ is not available to enforce a judgment which has already been obtained. The rule of the common law, whereby the writ of ne exeat issued only after judgment, is not of force in this State, since the common law as to this point has been superseded by the Code, §§ 5461 et seq. In this State the writ is a matter of statute law." *Lomax* v. *Lomax,* 176 *Ga.* 605 (3) (168 S. E. 863).

3. The writ of ne exeat having issued subsequently to the final judgment

and decree, the further proceedings in the forfeiture of the bond, being nugatory, present nothing for the consideration of this court.

4. The court erred in entering judgment against the security upon the alleged ne exeat bond.    *Judgment reversed.    All the Justices concur.*

No. 9416.    JULY 14, 1933.

# 414

*F. Joe Turner Jr.,* for plaintiff in error.
*Charles W. Bergman* and *Ellis McClelland,* contra.