32006. MILLER SERVICE INC. *v.* MILLER *et al.*

414

DECIDED JULY 16, 1948.

*Harris, Henson & Spence,* for plaintiff in error.

*Walter W. Aycock,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ (a) The grounds of the motion to dismiss the bill of exceptions because there is no final judgment excepted to and assigned as error therein and because there is no assignment of error or exceptions to any ruling which if ruled upon as favorably as contended for by the plaintiff in error would constitute a final judgment, are without merit. The judgment of the trial court directing that the

property be advertised and the proceeds of the sale paid under certain directions to the plaintiff is a final judgment. A judgment of a court having jurisdiction which provides for the control of the surplus of the funds derived from the sale of the property so as to protect the lien created for the unaccrued instalments of the debt in an action for the foreclosure of a bill of sale on personal property to secure a debt where a part of the payments provided for in the instrument sought to be foreclosed are past due and other payments not yet accrued, is a final judgment. See Code, §§ 67-1601, 67-701, 67-1001.

(b) The ground of the motion to dismiss because there is no ruling on the demurrer of the defendant is not well taken. While no ruling on the demurrer is disclosed by the record, the bill of exceptions, which is certified to by the trial judge as being true, recites that the trial judge overruled the demurrer on each and every ground. In any event this would not be a proper ground for dismissing the bill of exceptions because of the assignments of error on other rulings of the court.

■ We next consider together the assignments of error to the judgment of the trial court overruling the demurrers and overruling the motion of the defendant to strike from the original judgment the provision that the property be sold and the proceeds be deposited in the registry of the court until further order and that the judgment be superseded until further order.

The proceeding here under consideration is the foreclosure of a bill of sale on personalty to secure a debt. Such bills of sale are foreclosed in the same manner as mortgages on personal property. See Code, § 67-1601. The procedure for the foreclosure of mortgages on personal property is provided for in Code, § 67-701 and the original foreclosure proceeding in the instant case according to the allegations contained in the petition for rule followed this procedure. The original affidavit of foreclosure alleges that the defendant was then indebted to the plaintiff in the sum of $8500 principal and $63 interest. After affidavit of illegality was interposed thereto and the case tried (see *Miller Service Inc.* v. *Miller*, supra), the judgment of the trial court was for $2400 as principal and $101.79 as interest, and with the further provisos that the property levied upon be sold by the marshal, the proceeds of the sale be deposited in the registry of

the court until the further order of the court, and that "this judgment is superseded until further order" all as alleged in the petition for rule. Nothing in the original foreclosure proceeding indicates that any part of the debt secured by the bill of sale sought to be foreclosed, remained undue. Code § 67-1001 provides as follows: "If the mortgage shall be given to secure several debts falling due at different times, the mortgagee may foreclose when the first becomes due, and the court will control the surplus so as to protect the lien created for the debts not due." The original foreclosure proceedings were not molded so as to fall within the provisions of this Code section. However, the judgment of the court is so worded as to include the grant of this relief.

The petition for rule sets up the bill of sale sought to be foreclosed showing at the time of the judgment $2400 had already accrued on the principal and that it contained no acceleration clause. While the petition for rule shows that Code § 67-1001 hereinbefore quoted and wherein provision is made for the control of the surplus funds realized upon the sale of the mortgaged property to secure the payment of subsequently maturing debts, was not applied in the instant case, it might have been so applied had the pleadings been amended so as to put the facts upon which the judgment was based in issue. Affidavits of foreclosure of mortgages are amendable to the same extent as ordinary petitions. See Code, § 81-1203. Code § 110-501 provides as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

Applying these rules of law to the petition for rule in the instant case it follows that while the original foreclosure proceedings did not contemplate the impounding of the surplus of funds realized from the sale of the mortgaged property authorized by Code § 67-1001, yet the invocation of this Code section and the relief it gives was authorized by the evidence and was granted by the judgment in the instant case. By amendment to the original affidavit the facts which authorize it could have been alleged. The judgment was rendered by a court of competent jurisdiction. It is conclusive between the same parties as to all matters put in

issue, or which under the rule of law might have been put in issue.

The petition for rule also sets out that an execution issued and was paid off and marked satisfied at a time when the judgment upon which the execution issued was superseded. It is within the power of the court to compel obedience to its judgments, orders and process in an action or proceeding therein; also to control in furtherance of justice the conduct of its officers and all other persons connected with a judicial proceeding before it in every matter appertaining thereto. See Code, § 24-104, 3 and 4. This general power conferred by our law upon the courts and the specific power providing for rule nisi against officers contained in Code § 24-209 authorizes a proceeding such as this where an execution was issued by the clerk contrary to the terms of the judgment and was paid by the defendant in fi. fa. and marked satisfied by the clerk. The court has the power to have the clerk recall such an execution and offer to refund the money paid to him by the defendant in fi. fa.

The petition for rule sets forth a cause of action and the judgment of the trial court overruling the general demurrer thereto is without error. Also since the plaintiff was entitled to have the provision inserted in the original judgment impounding the proceeds of the sale authorized under Code § 67-1001, it was not error for the court to refuse to strike the said provision from the judgment.

Paragraph 2 of the petition for rule is specially demurred to on the ground that the same alleges no justiciable issue. This paragraph of the petition for rule alleges that the defendant in execution filed its counter affidavit along with divers other pleadings, objections and motions, and the matter was heard originally on motion and dismissed; and that the defendant took the case to the Supreme Court which dismissed its bill upon motion of the plaintiff in execution. This special ground of demurrer is good and paragraph 2 of the petition should have been stricken. However with this paragraph out, the petition is in no wise weakened. It set forth a full and complete cause of action without paragraph 2. The failure of the court therefore to sustain the special demurrer to paragraph 2 of the petition and strike the same, although error, is harmless and no ground for reversal.

■ We next consider the assignment of error on the judgment

of the trial court overruling the plea in abatement in which it is alleged that prior to the filing of the petition for rule in the instant case, same having been filed January 3, 1948, a suit was filed on December 24, 1947, for the same cause and against the same party. The plea alleges that the filing· of the suit on December 24, 1947, amounted to the election by the plaintiff to proceed for the remedy set out in that action.

The petition for rule is an ancillary proceeding based on an original action commenced by the affidavit to. foreclose ·the bill of sale dated May 4, 1946. It is the continuation of the action commenced on that date. Therefore the action filed December 24, 1947, is the last action filed and not the first. Code § 3-601 provides as follows: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former shall be a good defense to the latter, if commenced at different times." The latter here is the action commenced December 24, 1947, and not the petition for rule filed January 3, 1948, which as before stated, constitutes a continuation of the original action commenced May 24, 1946. It follows that the plea of lis pendens does not abate the first action nor any proceeding in aid thereof, and the judgment of the trial court overruling the same is without error.

■ The remaining assignment of error contained in the bill of exceptions is to the entry of the final judgment in the case. The exception is not taken to any particular part of the judgment but is to the whole judgment. From the exception itself, it is not clear whether it complains of the final judgment because of additional error in it or because of antecedent rulings complained of in the bill of exceptions which entered into and affected the further progress and final result of the case. If the exception is taken to the final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it of which complaint is made. This the assignment of error fails to do. If the exception is taken to the final judgment because of antecedent rulings complained of in the bill of exceptions which entered into and affected the further progress and final result of the case, such exceptions have been herein decided

against the contentions of the defendant. In *Lyndon* v. *Ga. Ry. & Elec. Co.*, 129 *Ga.* 353 (2, 3) (supra), it is held: "2. If exception is taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of. 3. If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment, and an exception to and a specific assignment of error on the antecedent ruling will suffice, relatively to the point now under consideration, to give the reviewing court jurisdiction." It is not necessary for this court to determine whether or not the trial court had jurisdiction to enter all the provisions contained in the final judgment. A part of such provisions at least is authorized. The defendant has failed to specify in its assignment of error any particular part or parts of the final judgment contended to be unauthorized. The entry of the final judgment by the trial court shows no error requiring a reversal.

The motion of the defendant to dismiss is without merit and the assignments of error contained in the bill of exceptions show no ground for reversal.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*