## CRUSSELLE *vs.* CHASTAIN.

Where suit was brought in a justice's court against a married woman, and the only cause of action set out was by attaching to the summons three promissory notes, one of which was signed by her husband and the other two signed by him, with the addition of the word "trustee" to his name, but in neither of which her name appeared, there could be no recovery against the defendant, and on *certiorari* there was no error in rendering final judgment to that effect. Code, §4067.

(*a.*) The addition of the word "trustee" after the name of the signer of a note, without more, is mere *descriptio personæ*, and the debt is that of the maker individually. 3 *Ga.*, 283; 51 *Id.*, 482 *

(*b.*) The trust estate of the wife, if she had any, could not be reached by such pleading. 56 *Ga.*, 138, 640.
Judgment affirmed.

March 23, 1886.

JACKSON, Chief Justice.

---

## YOUNGBLOOD, administrator, *vs.* YOUNGBLOOD *et al.*

Where the showing in support of a motion for a continuance was to the effect that the case had been tried before and carried by writ of error to the Supreme Court; that the remitter had been entered on the minutes of the superior court only a few minutes before the case was called, and that, in consequence, the party applying for the continuance was wholly unprepared for trial, that he had two witnesses absent, one of whom was sick and the other had had no notification to be present, though both of them had been subpœnaed previously to the former trial; and that he expected to prove by them that the maker of the deed which was in question was incompetent to execute it at the time it purported to have been made and delivered, such a showing was complete, and it was error to refuse a continuance and force the case to a hearing at once.
Judgment reversed.

April 27, 1886.

HALL, Justice.

---

*See 4 Am. Dec., 63.