SWANN, STEWART & COMPANY *v.* MORRIS & COOK.

In order for a landlord to have a lien upon his tenant's crop for supplies under §1978 of the code, he must furnish the articles as landlord.

(*a*) Where a landlord, as agent, sold to his tenant guano and took a note therefor payable to his principal, and at maturity paid the note because the tenant did not do so (this being required by his contract with his principal), he was not entitled to foreclose a lien for the guano as landlord.

May 17, 1889.

Landlord and tenant. Liens. Principal and agent. Before Judge BOYNTON. Newton superior court. September term, 1888.

Morris, of the firm of Morris & Cook, made affidavit before a magistrate that they rented land to T. A. Shelton for 1887, and that during said year and during the existence of said contract of rental, they, as landlords, furnished to Shelton————of commercial fertilizer, naming the brands, and also "$2, which amount is still due the said Morris & Cook for rent in the said land for the year 1887, all of the aggregate value of $39.54, for the purpose of making a crop during said year upon said land; all of said articles furnished as aforesaid being articles of necessity to make said crops." The affidavit also avers demand and refusal to pay, and that the affidavit was made within twelve months from the time said $39.54 became due, "and for the special purpose of foreclosing his lien as landlord upon the

crops raised by said T. A. Shelton upon the land
rented as aforesaid for the said year 1887, to wit, 19
acres cotton, 6 acres of corn and cotton-seed." Ex-
ecution was issued October 21, 1887, upon this affi-
davit, and levied one week later, upon the "19 acres of
cotton more or less, 6 acres corn more or less, one bale
lint cotton and 2 bushels of cotton-seed."

Swann, Stewart & Co., as mortgage creditors of Shel-
ton, filed a counter-affidavit, under §§1991–1994 of the
code, denying that Morris & Cook had any lien as land-
lord, because the relation of landlord and tenant did
not exist between Morris & Cook and Shelton, and be-
cause Shelton did not buy the guano from them as
landlords but as agents for Adair Bros. & Co.

On the trial in the magistrate's court, the evidence
for Morris & Cook tended to show that they were
agents for Adair Bros. & Co. for the year 1887, and as
such sold guano to Shelton, taking Shelton's note for
the same for $37.54 payable to Adair Bros. & Co.; that
Morris & Cook had paid this note to Adair Bros. & Co.;
that Shelton was a tenant of Morris & Cook and as
such they furnished him the guano, an article necessary
to make a crop, and payment had been demanded, etc.;
that Morris & Cook bought the land, which Shelton
cultivated in 1887, from one Hardwick in the fall of
1886; that previously to this purchase, Shelton had
rented the land from Hardwick for 1887, and had given
Hardwick his note for said rent, and when Morris &
Cook bought the land, they knew that Shelton had
rented it, and Shelton afterwards moved on the land
and cultivated it in 1887 in pursuance of the contract
made with Hardwick, not at any time acknowledging
or contracting with Morris & Cook as landlords, nor
recognizing them as such so far as his contract was
concerned or otherwise; that Morris & Cook, in the
spring of 1887, offered to sell Shelton his supplies to

make the crop, and he refused to buy from them, stating that he had agreed to buy from Swann, Stewart & Co. and had promised to give them a mortgage on the crop, so soon as it was up, to secure them; that Morris & Cook did not tell Shelton when they sold him the guano that they sold him as landlords and expected to hold a lien on his crop; that the rent note made by Shelton to Hardwick was transferred to Morris & Cook at the time the deed was made in 1886; and that they had collected all the rent but $2.

Morris & Cook offered to show that the guano belonged to them. This testimony was objected to because the note therefor was the highest and best evidence, it being admitted that such a note existed, and that the contract between Morris & Cook and Adair Bros. & Co. (which had been previously read in evidence to the jury) showed that the guano belonged to Adair Bros. & Co.; because the introduction of such testimony was an endeavor to change the tenor of a written contract; and because said note and contract together show that Morris & Cook sold the guano as agents of Adair Bros. & Co. This objection was over-ruled by the court and the testimony was admitted. The contract between Morris & Cook and Adair Bros. & Co. was dated January 21, 1887, and recited that Morris & Cook had purchased six tons of Furman acid phosphate, for which they were to settle by note or notes payable to the order of Adair Bros & Co., general agents; and that on May 15, 1887, or sooner, they agreed to deliver to Adair Bros. & Co., or their order, notes of the planters or purchasers to whom they might have sold fertilizer for the gross amount of the sale, to be held by Adair Bros. & Co. to secure the payment of the above obligations. It recited that all of the goods in the hands of Morris & Cook and the proceeds and the notes given therefor were held in trust by them for

v 83-10

the payment of said obligations, and the proceeds when collected should immediately become the property of Adair Bros. & Co., general agents, for the purpose aforesaid, etc.

For Swann, Stewart & Co., Shelton swore that he did not rent from Morris & Cook but from Hardwick; that he cultivated the land under a contract he made with Hardwick, and never at any time agreed to do so as tenant of Morris & Cook, nor in any way recognized them as his landlords; that he bought the guano from them as agents of Adair Bros. and had no idea that they would claim any lien on his crop for them; that he told Morris & Cook beforehand that he would not give any lien on his crop to them, as he had agreed to mortgage it to Swann, Stewart & Co.; and that he owed Swann, Stewart & Co. $80 on the mortgage. The mortgage to Swann, Stewart & Co. was read in evidence. It was dated May 7, 1887, given to secure a note for $125, and was upon "19 acres in cotton and about 6 acres in corn, planted and growing on lands of Mr. Morris (formerly H. V. Hardwick's land) in Brewer's district, Newton county, Ga., this crop not encumbered except for rent, which is two bales of cotton." The mortgage was foreclosed October 5, 1887.

The jury found for Morris & Cook. Swann, Stewart & Co. carried the case by *certiorari* to the superior court, where the same was overruled; and the petitioners excepted.

ROGERS & UPSHAW, for plaintiffs in error.

MIDDLEBROOKS & SIMMS, by brief, *contra*.

SIMMONS, Justice.

The court below erred in overruling the *certiorari* in this case. In order for a landlord to have a lien upon his tenant's crop for supplies, under §1978 of the code, the landlord must furnish the articles as landlord.

*Scott* v. *Pound,* 61 *Ga.* 579. The evidence in this record shows that Morris & Cook did not furnish the guano to Shelton as landlords, but sold it to him as the agents of Adair Brothers. Shelton rented the land from Hardwick in the fall of 1886. His tenancy began in January, 1887. Before he moved upon the land, Morris & Cook purchased it from Hardwick, and Hardwick transferred Shelton's rent note to them. They were the agents of Adair Brothers for the sale of fertilizers. As such agents, they sold a certain quantity of fertilizer to Shelton, and took his note for the same, payable to Adair Brothers. As merchants they sought to sell Shelton other supplies and take a lien therefor. Shelton refused to purchase from them, or give them a lien, stating that he had agreed to give a lien on his crop to Swann, Stewart & Co. When the note given to Adair Brothers for the guano fell due, Shelton failed to pay it, and Morris & Cook paid it, as they were bound to do, under their contract with Adair Brothers. Morris & Cook then foreclosed their landlord's lien, alleging that they had furnished guano to Shelton as landlords. This was resisted by Swann, Stewart & Co. The jury found for Morris & Cook, and Swann, Stewart & Co. sued out a *certiorari*.

Under this state of facts, we think, as said before, that the court erred in overruling this *certiorari*, because the evidence showed that Morris & Cook did not furnish the guano as landlords, but as agents of Adair Brothers. Nor did the fact that they paid Shelton's note at maturity entitle them to foreclose a lien as landlords. *Scott* v. *Pound, supra.* It would make no difference that they owned the guano, if they sold it as the agents of Adair Brothers.          *Judgment reversed.*