### BRIMBERRY *v.* MANSFIELD.

A landlord has no lien for supplies which his tenant purchased from a merchant and for which he stood the tenant's security ; nor will the fact that he paid the note given for the supplies, after it became due, entitle him to such lien. If he ordered the supplies upon his own credit and in that manner furnished them to his tenant, he would be entitled to a lien therefor.

March 16, 1891. Argued at the last term.

Landlord and tenant.    Liens.    Before Judge BOWER.
Mitchell superior court.    March term, 1890.

Motion to distribute money raised by levy and sale of
crops raised in 1888 on land rented for that year of
Mansfield, who claimed the fund under his execution
from the foreclosure of his landlord's lien for supplies
to the amount of $40, furnished by him to the tenant
who cultivated the land.    The other claimant was
Brimberry, who had a mortgage execution against all
the crops of the tenant for that year, for an amount
sufficient to cover the entire fund.    At the time the
tenant rented the land, he told Mansfield that he would
have to have some supplies, and that Mansfield would
have to furnish them to him.    Mansfield told him that
he would go on a note with him as security to get some
supplies, if he would pay for them like rent for the
place; and this the tenant agreed to do.    Mansfield sent
word by one Faircloth to a merchant to let the tenant
have $30 worth of supplies, and that he (Mansfield)
would sign the note for the amount payable in the fall.
The account was made out against the tenant, who
traded to the amount of $40 instead of $30, and some
time afterwards the note was signed by the tenant,
Mansfield and Faircloth, all as principals; the reason
why Faircloth signed being to cover the $10 above what
Mansfield had agreed to become responsible for.    When
the note fell due, Mansfield paid it; and the amount is
still owing.    But for Mansfield's order, the tenant could
not have got the goods, which were supplies furnished
him for himself and his family to enable him to make
his crop; they were furnished on the order of Mansfield
and not on the credit of the tenant.    The tenant told
Brimberry, at the time he gave him his mortgage, that
he owed Mansfield for rent, and that Mansfield had gone
on a note with him payable to the merchant above re-
ferred to, for $40, for supplies.    Brimberry asked him if

he had given a lien, and he told him he had not, but that Mansfield had stood his security on note for some goods. Brimberry knew he was the tenant of Mansfield.

Brimberry was the movant in the justice's court, and the fund was there awarded to him. On *certiorari*, the superior court reversed this judgment and ordered that the fund, to the extent of the principal, interest and cost, be paid to Mansfield on his landlord's lien. Brimberry assigned error upon this ruling.

SPENCE & TWITTY, by brief, for plaintiff.

I. A. BUSH, by brief, for defendant.

SIMMONS, Justice.

Under the facts of this case as they appear from the record, we think the court erred in sustaining the *certiorari* and in awarding the money to Mansfield. We think the facts clearly show that Mansfield did not himself furnish the supplies to his tenant, but that he was merely a surety on the note which he and his tenant and Faircloth gave for the supplies. Mansfield was not alone bound for the goods sold by the merchant to his tenant, but the facts show that the tenant and Faircloth were equally bound with him.

In the case of *Scott* v. *Pound*, 61 *Ga.* 579, it was held hat "In order for a landlord to have a lien upon his tenant's crop for supplies, etc., the landlord must furnish the articles, and not merely become the tenant's surety for the price to some other person by whom they are sold to the tenant." Mansfield being only a surety for his tenant, under the law he would have no lien as landlord for supplies which his tenant purchased from a merchant, and for which he stood the tenant's security; nor would the fact that he paid the note after it became due entitle him to such lien. Of course, had he ordered the supplies from the merchant upon his own

credit, and had in that manner furnished them to his tenant, under the law he would have been entitled to a lien. But as the tenant himself purchased the supplies, and the landlord merely stood his security for the payment therefor, he is not entitled to a lien.

*Judgment reversed.*