JOHN C. REED, for plaintiff.

CALHOUN, KING & SPALDING, *contra.*

---

## ELLIOTT *v.* PARKER.

A landlord cannot take a lien for supplies already furnished to his tenant by a third person on the tenant's credit. Consequently, a special contract for such a lien, executed by the tenant in writing and assigned by the landlord after the supplies to which the contract relates have all been furnished by the assignee, has no validity as against other creditors of the tenant. That the special contract was agreed upon and the writing prepared for execution and the assignment of it promised before the supplies were furnished, would make no difference, inasmuch as, under the statute, no lien which the landlord can assign can be created except by special contract in writing; and there can be no contract in writing before the writing is actually executed by the necessary parties thereto.        *Judgment affirmed.*

July 16, 1894.

*Certiorari.* Before Judge RICHARD H. CLARK. Rockdale superior court. October term, 1893.

King was tenant of Veal, and wished to buy goods of Elliott in the spring of 1890. Elliott refused to credit him, but saw Veal, and there was an agreement by Veal, Elliott and King, that Veal would transfer to Elliott a landlord's lien for supplies, if Elliott would sell King the goods on the lien. This was an unsigned written obligation to pay Veal, landlord, or order, $50 for provisions furnished to make King's crops that year on the premises occupied by King as the tenant of Veal, and giving Veal or order a lien on the crops as provided by the act of February 25, 1875. Elliott furnished King the goods on the faith of the lien and agreement to the amount of $50, which he would not have done but for the agreement and lien; none of which $50 has been paid. He sold King the goods, and not Veal for King. Elliott thought the lien was signed the day it bears date, until in the fall of 1890 when he found it was not, and then sent and got King to sign it and Veal to sign the transfer. This transfer was to Elliott or order, "under and according to acts of General Assembly of Georgia in 1875, relating to transfer of landlord's liens. I guarantee the payment of the within obligation and hereby waive my claim for rent on said tenant until this debt is paid without recourse." Signed, " W. S. Veal, landlord." The lien was signed and transferred after Veal was garnished in the suit in favor of Parker against King. On January 11, 1891, Parker obtained judgment against King in a magistrate's court, and also against Veal as garnishee. On the same day Veal answered the garnishment and offered the money to the court, but it was not finally paid in until April 11, 1891. This money arose from proceeds of the crop of King made on Veal's land in 1890. Elliott foreclosed the alleged landlord's transferred lien; and on an issue between Elliott and Parker, on a motion to distribute the money, a jury in the justice's court found for Parker, which finding was sustained on *certiorari*.

George W. Gleaton, for plaintiff in error.
J. N. Glenn, *contra*.