## RODGERS *v.* BLACK.

99    139
Case 2
119   345

*Simmons, C. J.*—1. A landlord is not entitled to a lien upon his tenant's crop for supplies unless the same are furnished by the landlord himself. If the tenant signed a promissory note for the price of the supplies, and the landlord, though he may have indorsed the same or signed it as surety (doing this with the tenant's consent), was in fact the real purchaser, he would be entitled to his lien, the truth of the matter being a question for the jury. If, however, the tenant was the purchaser in the first

instance, and the landlord, without his knowledge or consent, upon a private understanding with the seller of the supplies, indorsed the tenant's note given for the same, there would be no lien. *Scott* v. *Pound,* 61 *Ga.* 579; *Swann* v. *Morris,* 83 *Ga.* 143; *Brimberry* v. *Mansfield,* 86 *Ga.* 792.

2. The defendant's request to charge, which in effect embodied the rule announced in the last sentence of the above note, was substantially covered by the charge given, and the refusal to charge the request was therefore not cause for a new trial, especially as the verdict seems to have been in accord with the preponderance of the evidence.        *Judgment affirmed.*

June 8, 1896. By two Justices. Argued at the last term.

Foreclosure of lien.    Before Judge Butt.    Muscogee superior court.    May term, 1895.

Black made affidavit for the purpose of foreclosing his alleged special landlord's lien upon the crops raised by Rodgers upon lands rented by Black to Rodgers for 1893, for supplies (guano of the value of $100) which he claimed he furnished to Rodgers for the purpose of making a crop for 1893 upon the land rented. He alleged in his affidavit that the $100 was not due, but that Rodgers was removing his crops from the premises; and that he had demanded payment of the $100 from Rodgers after information received by him that Rodgers was so removing his crops, and that Rodgers refused to pay. By his counter-affidavit Rodgers averred that the debt was not due; that he was not removing or attempting to remove the crops; that Black never demanded payment of him of any amount due for supplies; and that he is not indebted to Black in any sum for supplies furnished, Black never having furnished him any guano or other things to enable him to make the crop. There was a verdict for plaintiff for $100, and defendant's motion for a new trial was overruled. The motion was upon the grounds, that the verdict was contrary to law and evidence, and that the court erred in refusing to charge as requested: "If you should believe from the testimony that there was an understanding between Black

and Allen, whereby Allen was to take Rodgers' note for the guano and Black was to indorse the note, and Rodgers did not know of it nor consent to or ratify it, and he (Rodgers) did give the note to Allen and Black indorsed it, that would not give Black a special landlord's lien and you should find for the defendant." Also, that the verdict was contrary to the following charge which was given to the jury: "If you believe from the testimony that the plaintiff R. C. Black was nothing more than security or indorser upon the note of E. P. Rodgers for the guano, then he would not be entitled to a special lien as landlord for supplies furnished."

*C. J. Thornton*, for plaintiff in error. *Miller, Wynn & Miller* and *W. H. & E. R. Black*, contra.

*C. J. Thornton*, for plaintiff in error. *Miller, Wynn & Miller* and *W. H. & E. R. Black*, contra.