## WHITLEY *v.* BERRY.

1. There was no error, at the interlocutory hearing of an equitable peti-
tion for an injunction and the appointment of a receiver, in refusing
to admit in evidence affidavits not "intituled in the cause" and not
shown to have been taken for the purpose of being used as evidence
therein.
.2. When at such a hearing the parties on both sides conceded that it
was proper to appoint a receiver to take charge of and sell property
belonging to them jointly, and divide its proceeds between them, it
was also proper to require one of them to pay over to the receiver
money in his hands arising from a sale by him of other property
which had also belonged to himself and the other person, the title
to which they had derived by virtue of the same transaction as
that by which they acquired the ownership of the property first
above mentioned, it further appearing that there had been no
accounting and settlement between them as to the property so sold.

Argued June 24, — Decided July 26, 1898.

Injunction and receiver.    Before Judge Littlejohn.    Sum-
ter county.    May 17, 1898.

*J. F. Watson* and *J. A. Ansley Jr.,* for plaintiff in error.
*E. C. Speer, R. E. Lee* and *Shipp & Sheppard,* contra.

LUMPKIN, P. J.    The Ocmulgee Brick Company was in-
·debted to Berry and also to Whitley.    At a sale of its property
under an execution, Berry and Whitley became the purchasers
and thus acquired a joint ownership thereof.    Whitley, with the
consent of Berry, afterwards sold a portion of the property and
·collected the proceeds of the same.    They were, however, unable
to agree upon either a division or sale of the remainder of the
property.    In this condition of affairs, Berry brought a petition
against Whitley for the appointment of a receiver to take charge
·of and dispose of the unsold property thus held in common, and
make between them a division of its proceeds, of which Berry
in his petition claimed a specified proportion.    In his answer,
Whitley denied Berry's right to such a proportion, and set forth
his version of the manner in which the proceeds of the property
.owned jointly by them should be divided.    In these respects the
parties were widely at variance.    At the hearing both agreed
that the appointment of a receiver was necessary and proper.    It
was a matter of controversy, however, whether Whitley should

be required to turn over to the receiver the cash received for the property which he (Whitley) had sold. It was, under the pleadings, essential to a fair settlement between the parties that this cash be taken into account. Whitley offered to give a bond to account for the same. Nevertheless, in the order appointing a receiver the judge directed him to pay over to the receiver a portion of the money derived as above stated. To this much of the order he excepted.

1. The question of practice to which the first headnote relates was dealt with in *Warren v. Monnish,* 97 *Ga.* 399.

2. We do not think the judge committed any error in passing the order above mentioned. The object of the receivership was an administration of all the assets jointly belonging to the plaintiff and the defendant. The money in Whitley's hands was as much a part of these assets as any other item of the property, and in no view of the matter had Whitley any right to retain in his possession any greater proportion of the money than would inevitably fall to his share upon a proper division of the same. His offer to give a bond was properly regarded by the judge as constituting no reason for allowing him to retain in his possession more of the fund than he was unquestionably entitled to keep. The prime object of the receivership was to make a division of all the joint assets as to which there was a dispute, and certainly the judge was right in declining to frame his order in such manner as to deprive the receiver of the custody and control of a portion of these very assets. In short, the receivership was rightly made broad enough to cover every item of property as to which there was a controversy between the parties. .

*Judgment affirmed. All the Justices concurring.*