## REESE, guardian, v. RYALS.

An affidavit'by a deponent whose name therein is followed by the word "guardian," without stating for whom she is such guardian, and whereby she deposes that "she is advised and believes that she has good cause for certiorating the proceedings to the superior court, and that, owing to her poverty as guardian, etc., she is unable to pay the costs or give the security as required by law," is not a sufficient "pauper affidavit" to support a petition for certiorari sued out by the affiant as guardian for named persons against a named defendant.

Argued February 4, — Decided March 1, 1901.

Certiorari. Before Judge Felton. Bibb superior court. January 16, 1900.

*M. G. Bayne*, for plaintiff in error. *Steed & Ryals*, contra.

LEWIS, J. In a justice's court in Bibb county judgment was obtained by T. E. Ryals against Mrs. W. W. Reese as guardian of John E. and Claudia A. Lancaster, minors. Mrs. Reese took the case by certiorari to the superior court, filing an affidavit in forma pauperis in the following language: "Georgia, Bibb County. In person comes before me Mrs. W. W. Reese, guardian, who on oath

says that she is advised and believes that she has good cause for certioraring the proceedings to the superior court, and that, owing to her poverty as guardian, etc., she is unable to pay the costs or give the security as required by law.    [Signed] Mrs. W. W. Reese. Sworn to and subscribed before me this 25th day of July, 1899. [Signed] DuPont Guerry, N.P., B.C."    On the trial in the superior court the defendant in certiorari moved to dismiss, on the ground that the pauper affidavit was not sufficient in law.    This motion was sustained and the certiorari dismissed, to which ruling the plaintiff in error excepts.    The sole question for adjudication by this court is the sufficiency in law of the pauper affidavit heretofore quoted.

It does not appear that the affidavit in question was "intituled in the cause," or that it was attached to any petition for certiorari. There is nothing in the record to show that it had any more relation to the present case than to any other.    The burden being on one alleging error to show that error was committed, it was incumbent on counsel for plaintiff in error to show affirmatively that the affidavit under review related to her petition for certiorari.    This certainly was not done.    We do not mean to say that even if this affidavit, so vague and loose in its terms, had been actually attached to the petition, that would have been sufficient.    At any rate, nothing of the kind was made to appear to this court; and we therefore confidently rule that the petition for certiorari was not identified by the affidavit.    This principle of law has been repeatedly ruled by this court, and we will briefly call attention to some of the decisions bearing thereon.    In *Parks* v. *State*, 110 *Ga.* 760, the following is ruled: "An affidavit for the purpose of bringing a case to this court in forma pauperis must be 'intituled in the cause,' or otherwise on its face affirmatively show its relation thereto, or it will not be treated as sufficient to relieve the plaintiff in error, or his attorney, from paying the costs accruing in this court."    In the case of *Whitley* v. *Berry*, 105 *Ga.* 251, the same principle is decided, where this court held: "There was no error, at the interlocutory hearing of an equitable petition for an injunction and the appointment of a receiver, in refusing to admit in evidence affidavits not 'intituled in the cause' and not shown to have been taken for the purpose of being used as evidence therein."    See also *Warren* v. *Monnish*, 97 *Ga.* 399.    A number of other decisions of this

court could be cited to the same effect, but we think the foregoing sufficient to sustain the principle here laid down.

. We also call attention to the fact that the affidavit in question, though describing the deponent as "guardian, etc.," nowhere shows for what minors or of what estate she is guardian. So far as this court is able to tell, the plaintiff in error may have been guardian of the persons and property of any number of minors; so that, apart from the failure to connect the affidavit with any particular petition for certiorari, there is a further fatal defect in the affidavit on account of the failure of the plaintiff in error to identify herself as guardian of any particular estate. In view of these facts, we have no hesitancy in ruling that the court below did not err in dismissing the certiorari on account of the legal insufficiency of the pauper affidavit upon which it was brought to the superior court.

*Judgment affirmed. All concurring, except Simmons, C. J., absent.*