## FARGASON *v.* FORD.

1. An assignment of error, in general terms, that the court erred in granting a nonsuit, sufficiently presents for determination the question whether there was any evidence to sustain the case as laid in the petition.

2. The word " trustee " following a person's name is merely descriptio personæ.

3. Where a rent contract is made with A, " trustee," as landlord, he may foreclose a lien in his own name for money furnished the tenant by him, as landlord, with which to make the crop upon the rented premises, though the land and such money belong to another person whom he represented in the transaction.

Argued December 18, 1903. — Decided January 12, 1904.

Foreclosure of lien.　Before Judge Raines.　City court of Dawson.　July 21, 1903.

*Marlin & Irwin*, for plaintiff.

*W. H. Gurr* and *H. A. Wilkinson*, for defendant.

Fish, P. J.　The parties to this case executed the following contract :

" Georgia, Terrell County. This agreement between D. S. Fargason, trustee, of the first part, and L. C. Ford of the second part, witnesseth : That the said party of the first part, D. S. Fargason, trustee, does hereby lease, rent, and let to the said L. C. Ford the party of the second part, a certain four-horse farm, known as the Gammage place, in the 12th dist. of Terrell county, for the term of five years, to begin on the 1st day of Jany., 1902, and the said

lease to expire on the 31st day of Dec., 1906. And the said Fargason, trustee, agrees to furnish and loan to the said Ford the sum of $150.00, during the year 1902, with which.to enable the said Ford to cultivate said farm during said year. Said sum to be advanced as follows, $50.00 at once, and the balance $100.00 to be advanced along during the year, as might be needed by the said Ford. The said $150.00 to be repaid by said Ford to said Fargason, trustee, by the first day of Dec., 1902, with interest, at 8%," etc.                          " D. S. Fargason, trustee.

" L. C. Ford."

On December 2, 1902, "D. S. Fargason, trustee, foreclosed a lien for money loaned against the crops grown on the rented premises during the year 1902. Ford filed a counter-affidavit. Upon the trial of the issue thus made, it appeared, from the evidence submitted by the plaintiff, that the title to the land in question was in D. S. Fargason as trustee for his wife and minor daughter, and that it was their money which he furnished to Ford with which to make a crop. Fargason testified that the land in question belonged to his wife and minor daughter, and he managed it for them; that Ford did not owe him individually anything, but the money was owing to him as trustee. The court granted a nonsuit, to which ruling the plaintiff excepted, the assignment of error being as follows: " Plaintiff now comes and excepts to the order granting nonsuit and assigns the same as error."

1. Upon the call of the case in this court, defendant in error moved to dismiss the bill of exceptions, upon the ground that there was no sufficient assignment of error. This motion was not meritorious, as the assignment of error sufficiently presents for determination the question whether there was any evidence to sustain the case as laid in the foreclosure proceeding. *Anderson* v. *Walker*, 114 *Ga.* 505; *Kelly* v. *Strouse*, 116 *Ga* 872, and cit.

2. The word " trustee," following the name, " D. S. Fargason," was merely descriptio personæ. *Crusselle* v. *Chastain*, 76 *Ga.* 840; *Irvine* v. *Wynn*, 107 *Ga.* 402; *State* v. *Sallade* 111 *Ga.* 700.

3. As the word " trustee," after Fargason's name, was merely descriptive, the contract was with him in his individual capacity, and the foreclosure proceeding brought by him was in a like capacity. The question, therefore, is, did the fact that he testified that the money furnished by him as landlord belonged to his wife

and daughter, whom he represented in the transaction, and that therefore the defendant was not indebted to him in his individual capacity, authorize the granting of a nonsuit? We think not. Under the Civil Code, § 3037 (3), in all cases where the contract is made with an agent in his individual name, though his agency be known, he has a right of action on the contract made for his principal. So, it was held in *Spence* v. *Wilson*, 102 *Ga.* 762, " Where one rents land from the agent of the owner, the contract being made with the agent in his individual name, the latter may maintain an action on such contract, though the fact of his agency was known by the renter; and accordingly the payment of such rent may be enforced by a distress warrant sued out by the agent in his own name." Under the Civil Code, § 2800, landlords have a lien on crops grown on the rented premises, for money furnished their tenants to make the same; and it has been held that in order for a landlord to have a lien upon his tenant's crop for money or supplies under this section, the landlord must furnish the articles as landlord. *Swann* v. *Morris*, 83 *Ga.* 143; *Brimberry* v. *Mansfield*, 86 *Ga.* 792; *Rodgers* v. *Black*, 99 *Ga.* 139. In the present case Fargason, as landlord, furnished the defendant the money with which to make the crop levied upon, and we think it is clear that he had a lien under the Civil Code, § 2800. The fact that the land rented and the money furnished belonged to his wife and daughter, whom he represented, makes no difference. The tenant agreed to pay him as landlord, and was bound by his agreement, nor could the tenant deny his title. There is nothing in *Swann* v. *Morris*, supra, in conflict with the ruling here made; for there the landlords did not sell or furnish the guano to the tenant, but sold it to him as agents for another, and took a note for the price of the same, payable to their principal, which they subsequently paid, and then sought to foreclose a lien upon the tenant's crop. The point upon which the decision in that case turned was that the landlords did not furnish the guano to the tenant, but the tenant purchased the same from a third person.　　　*Judgment reversed.　All the Justices concur.*