## 938. HENDERSON *et al. v.* HUGHES.

1. While a landlord has no lien for supplies furnished by another to his tenant, and can not acquire a lien by voluntarily assuming, without the consent of the tenant, liability for supplies to be furnished, nor obtain a lien for any pre-existing debt for supplies, nor as surety for payment of his tenant's debt for supplies, still he is entitled to his lien

for supplies where, at the request or with the consent of the tenant, he directs the furnishing of supplies to the tenant by an agent, and assumes sole liability for the debt thus created. In such case the authority to sell to the tenant, given by the landlord to the merchant, is an original undertaking, and not an agreement to pay the debt of another, and the supplies are indirectly furnished by the landlord, through the merchant as his agent, instead of being directly delivered by his hands.

2. The question as to whether certain supplies were furnished by the landlord or by another being a matter of fact for determination by the jury, and there being sufficient evidence to authorize a verdict foreclosing a landlord's lien, it was not error to overrule the motion for new trial.

Foreclosure of lien, from city court of Dublin—Judge Burch. October 23, 1907.

Argued February 18,—Decided March 16, 1908.

*K. J. Hawkins,* for plaintiff in error.  *W. C. Davis,* contra.

RUSSELL, J.  D. G. Hughes Jr. foreclosed a landlr '  lien, against Henderson, his tenant, in the city court of Dub. , It was levied upon crops raised on the rented premises.  To the foreclosure Henderson filed his counter-affidavit, denying the existence of the plaintiff's lien, and the Sam Weichselbaum Company intervened, under §2769 of the Civil Code, and by counter-affidavit denied the validity and existence of the lien claimed by the plaintiff, and claimed that the proceeds of the property should be applied to the payment of a mortgage given to that company by Henderson for supplies furnished by it to make the crops.  By consent of parties the two cases were consolidated and tried together.  The jury found a verdict for $342.67, principal, with interest and costs, in favor of the plaintiff, Hughes; and the defendants excepted to the ruling of the court in refusing a new trial, based upon the general grounds.

It is undoubtedly true that a landlord can not take a lien for supplies already furnished to his tenant by a third person on the tenant's credit.  *Elliott* v. *Parker,* 94 *Ga.* 620 (20 S. E. 106).  Consequently, a special contract for such a lien, even though executed by a tenant in writing, and though the special contract was agreed upon and the writing prepared for execution, and the assignment of it promised before the supplies were furnished, has no validity as against other creditors of the tenant.  The specific holding in the *Elliott* case, supra, was, that no lien which a landlord

can assign can be created except·by special contract in writing. It is equally true that a landlord has no lien for supplies purchased by his tenant from a merchant, and for the payment of which a landlord is a mere security. *Brimberry* v. *Mansfield,* 86 *Ga.* 792 (13 S. E. 132) ; *Rodgers* v. *Black,* 99 *Ga.* 139 (25 S. E. 23) ; *Scott* v. *Pound,* 61 *Ga.* 579 ; *Swann* v. *Morris,* 83 *Ga.* 143 (9 S. E. 767). These are the two propositions on which the plaintiffs in error planted their case; and the evidence might have authorized the jury, upon this view, to find a verdict against the plaintiff in the court below, instead of in his favor. It must be borne in mind, however, that in the *Elliott* case neither landlord nor tenant was a party thereto, and the single question involved was, whether an alleged lien, transferred by the landlord, Veal, to Elliott, and which, admittedly, had not been executed in writing or transferred by the landlord until after all the goods had been furnished, was superior to a judgment obtained by Parker against the tenant, King. This is not the question involved in the present case. The issue in the case at bar was whether Hughes, the landlord, or Thomas, the storekeeper, furnished Henderson, the tenant, supplies to make the crop of 1906. It is significant, however, that in the case of *Elliott* v. *Parker* the fact is brought out (p. 621) that the goods were sold to the tenant, King, and not to Veal for King by Elliott. In *Rodgers* v. *Black,* supra, the Supreme Court, while reiterating the rule that "a landlord is not entitled to a lien upon his tenant's crop for supplies unless the same are furnished by the landlord himself," held unequivocally that "if the tenant signed a promissory note for the price of the supplies, and the landlord, though he may have endorsed the same or signed it as surety (doing this with the tenant's consent), was in fact *the real purchaser,* he would be entitled to his lien, the truth of the matter being a question for the·jury." In *Scott* v. *Pound,* supra, it was held that the landlord must furnish the tenant, and not merely become the tenant's surety for the price to some other person, by whom they are sold to the tenant. And this is perhaps the strongest statement of that side of the issue. In *Brimberry* v. *Mansfield,* supra, "furnishing" was defined, and it was held that if the landlord ordered the supplies upon his own credit, and in that manner furnished them to his tenant, he would be entitled to a lien therefor. In *Fargason* v. *Ford,* 119 *Ga.* 345 (46 S. E. 431), the land-

lord furnished the defendant money only, and was held to have a lien under §2800 of the Civil Code; and in this comparatively recent decision the case of *Swann* v. *Morris,* supra, was distinguished, and attention was called to the fact that in the *Swann* case the "landlords did not sell or furnish the guano to the tenant, but sold it to him as agents for another, and took a note for the price of the same, payable to their principal, which they subsequently paid, and then sought to foreclose a lien upon the tenant's crop."

We take it, then, that the law is well settled that a landlord has no lien for supplies furnished to aid in making a crop, if they are furnished by another, or if they are furnished without the tenant's consent, or the debt is assumed by the landlord without the tenant's consent. Nor has the landlord any lien for articles he may furnish in his capacity as a mere agent for another. The articles furnished in the latter case are really supplied by a third person, the principal, whose agent the landlord is. A mere suretyship assumed by the landlord to guarantee the payment of a pre-existing debt of the tenant, though it be for supplies, will not entitle the landlord to foreclose a lien for supplies. But on the other hand, if supplies are furnished at the instance of the landlord by a merchant to his tenant, upon a previous understanding with the tenant that the supplies shall be so furnished, and the landlord is responsible for the payment of the debt thus created, the landlord is entitled to foreclose a lien for any supplies necessary to make the crop, and for which he himself undertook to pay the dealer, with the knowledge and assent of the tenant. *Boyce* v. *Day, 3 Ga. App.* 275 (59 S. E. 930).

As ruled in the case of *Rodgers* v. *Black,* supra, it is an issue of fact for the jury, whether the landlord or some one else furnished the supplies in question, or any portion thereof. There is no complaint that this issue was not fully and clearly submitted to the jury by the trial judge; and while Henderson emphatically denied making any agreement with his landlord with reference to the supplies, and while the account was charged on Thomas' books to Henderson, and not to Hughes, and while Thomas took a mortgage from Henderson to secure the debt, the evidence in behalf of the plaintiff fully authorized the verdict rendered; and though it appears that the testimony in behalf of the defendants would have justified a finding in behalf of the counter-affidavit, the jury gave

the preference to the plaintiff's theory of the case and the evidence in its support. There seems to have been no evidence contradicting the amount of the indebtedness claimed by Hughes after deducting a credit of $50. The plaintiff testified that the defendant Henderson was his tenant in the year 1906, and had rented some of his land for that year; that on the same place Mr. J. G. Thomas conducted a store, and he arranged with him, with the consent of Henderson, to furnish him and his other tenants with the necessary supplies to make the crop for the year 1906. He testified positively that he did not stand security for what Thomas was to furnish, but agreed to pay it himself, and authorized Thomas to furnish Henderson at his expense, asking him to charge what each tenant got to the tenant, and not to him (Hughes) ; to obviate the landlord's keeping a set of books. Thomas testified, that he looked to Hughes for payment; that in taking the mortgage to partly secure the debt, and in all other transactions with relation to the matter, he acted for Hughes. This evidence would have authorized the jury's verdict, and we have no power to set aside a verdict which is authorized by the evidence, where no error of law has been committed.            *Judgment affirmed. Hill, C. J., disqualified.*