## 2812, 2813.  ELROD v. GRANT *et al.,* and *vice versa.*

Though the omission is apparently due to an oversight, the main bill of exceptions does not contain any distinct or express exception to the judgment rendered by the lower court, or assignment of error thereon. This court is therefore without jurisdiction to consider the writ of error, and the main bill of exceptions must be dismissed.  This renders the determination of the cross-bill unnecessary, and it is dismissed.

DECIDED JUNE 7, 1911.

Motion to dismiss writ of error.

*C. W. Smith, M. A. Hale,* for plaintiff.

*Candler, Thomson & Hirsch, Ogburn, Dorsey & Shelton,* for defendants.

RUSSELL, J.  A full history of the litigation between the plaintiff in error and the defendants in error in this case is incorporated in the main bill of exceptions, which contains a copy of the original petition and a copy of the answer of the defendants, as well as a brief of the evidence submitted.  It is related in the bill of exceptions that at the conclusion of the plaintiff's testimony the presiding judge granted a nonsuit in the following order: "Upon the conclusion of the evidence of the plaintiff and a motion to grant a nonsuit by the defendants, said motion is

granted and case withdrawn from jury, with cost against plaintiff. This May 31, 1910. H. M. Reid, Judge city court of Atlanta." Immediately following this the bill of exceptions proceeds as follows: "(1) The testimony made out a case that should have been submitted to the jury as to the liability of the landlords, they being in possession of the second floor. (2) The testimony showed negligence on part of the landlords, because of leaving the doors and windows open, and because of defective plumbing. (3) Plaintiff in error had no control of the second floor or the cut-off thereon. These issues of fact should have been submitted to the jury. (4) And now comes the defendant, W. C. Elrod, within 30 days from the date of the order granting a nonsuit, and presents this his bill of exceptions, and prays that the same may be signed and certified, in order that the errors complained of may be considered and corrected."

There is nowhere any exception to the judgment rendered. It is not stated that the court erred in entering a judgment of nonsuit. Three of the paragraphs which we have quoted above could perhaps be properly treated as assignments of error, and it is to be inferred, by supplying a very material ellipsis, that the plaintiff in error intends to except to the judgment as a whole as an error; but it is manifest that there is no expressed or distinct exception to the judgment finally rendered, considered as an entity and as the conclusion of the whole matter. In any case there may be some reasons which would have required a judgment different from that which was rendered, and yet this may be completely overmastered and obliterated by some controlling fact or principle of law which required the result which was reached. Whether the judgment of which it is sought to complain is one necessarily dependent upon some antecedent ruling which controlled it, or upon the grant or refusal to grant a motion for new trial, or concerns a ruling of the court which itself finally disposed of the case without submission to a jury, it must in every case be alleged that the plaintiff in error excepts to the judgment—that is, complains of it. After taking exception to the judgment generally, the plaintiff in error must plainly and specifically set forth or point out the errors alleged to have been committed. Where it is sought to assign error upon a final judgment, it is ruled by the Supreme Court in *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353-357 (58 S. E. 1047,

1049), exception must be taken to the judgment finally rendered, as well as the specific reasons why it is erroneous be stated. "If error inherent in the judgment itself is complained of, not only should it be excepted to, but .the assignment should specify the error."

In the present case the statements of the plaintiff in error as to why the case should have been submitted to the jury would perhaps have been good as assignments of error, if they had been related to some exception; but (apparently due to an oversight) the judgment itself is not excepted to. Under the provisions of section 6140 of the Civil Code of 1910, as construed by the ruling in the *Lyndon* case, supra, it is not only required that the plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, but he must primarily assert that the judgment rendered was error injurious to his cause. He must except to it. Certain specific assignments of error might be valid, but if there is no exception to the judgment it would have to be assumed that there were sufficient reasons authorizing the grant of the judgment rendered which prevented the plaintiff in error from being able to show the court that the errors of which he complained really injured him, or that he was in fact dissatisfied with the final judgment. To authorize a reversal of the judgment of a lower court, not only error, but injury, must be shown. Without regard to our personal views, we are of the opinion that the ruling in the *Lyndon* case, supra, which requires a general exception to the judgment rendered, as well as specific assignments of error thereunder, leaves us no option except to sustain the motion to dismiss the present writ of error.

The disposition given to the main bill of exceptions renders the consideration of the cross-bill unnecessary; and it also is dismissed.

*Writ of error dismissed.*