## 4368. DUBBERLY v. KICKLIGHTER.

There being no assignment of error upon the striking of the defendant's plea, nor any exception to the final judgment therafter rendered in the case, the bill of exceptions is fatally defective and must be dismissed.
DECIDED APRIL 16, 1913.

Complaint; from city court of Reidsville—Judge Collins. June 6, 1912.

*L. L. Thomas,* for plaintiff in error.

RUSSELL, J. This writ of error must' be dismissed. There is no exception or assignment of error upon the final judgment in the case, as required by the ruling of the Supreme Court in *Georgia Ry. & Power Co.* v. *Lyndon,* 129 *Ga.* 353 (58 S. E. 1047). Assignment of error upon the final judgment was necessary, because, although the disposition of the case was controlled by the antecedent ruling of the court in striking the defendant's answer, a judgment was rendered in the case in favor of the plaintiff and against the defendant for the amount of the note sued upon, with interest and attorney's fees. In addition to this, the bill of exceptions is fatally defective in that there is no exception taken nor any assignment of error upon the interlocutory ruling of the court, striking the defendant's plea. From the explanatory note of the trial judge and from the brief we ascertain that the plaintiff in error intended to except to the ruling of the court in striking the third paragraph of the defendant's answer, but in the bill of exceptions itself there is nothing except an historical statement to the effect that, upon an oral motion to strike· the plea, an order striking it was signed by the court. See *Elrod* v. *Grant,* 9 *Ga. App.* 307 (71 S. E. 501.)

We are extremely reluctant to dismiss any writ of error. We seek to preserve the citizen's right of review upon the merits, without regard to technicalities, wherever it can be done without a palpable violation of the law; but in no case can we select for the litigant his ground of complaint, or perhaps by search discover and rule upon an error upon which he did not himself insist in the trial court.                       *Writ of error dismissed.*