8803. ROGERS *v.* CULVER *et al.*

WADE, C. J. 1. If a negation or negative affirmation be essential, the burden of proving it rests upon the party affirming it. Civil Code (1910), § 5746.

2. Where a petition has been filed by an executor with the ordinary for an order discharging him from his trust, "a citation shall issue, requiring all persons concerned *to show cause* [italics ours] against the granting of the discharge." Civil Code (1910), § 4089.

(*a*) The burden in this case rested upon the caveator to sustain by proof her affirmation that the estate had not been fully administered, and that because of certain facts alleged by her the petitioners were not entitled to their discharge. Conceding that the assignment of error on this point was sufficient, the court did not err in so holding. See, in this connection, *Peavy* v. *Clemons,* 10 *Ga. App.* 507 (73 S. E. 756); *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39); *Jones* v. *Cooner,* 137 *Ga.* 681, 684 (74 S. E. 51).

3. The sole remaining assignment of error in the bill of exceptions is contained in the following sentence: "The defendant closed, and plaintiff moved a nonsuit, which the court ordered, and defendant alleges the same as error, and alleges that the issue should have been submitted to a jury." In the case of *Randolph* v. *Brunswick &c. R. Co.*, 120 *Ga.* 969 (48 S. E. 396), in which it was held: "That the court erred in granting a nonsuit is a sufficient assignment of error on such ruling, and presents the question as to whether the evidence was sufficient to require the case to be submitted to the jury," the bill of exceptions recited that the court ordered a nonsuit, and that plaintiff "excepted to the action of the court in granting said motion for nonsuit, and now excepts and assigns said action as . error." See also *Fargason* v. *Ford*, 119 *Ga.* 343, 344 (46 S. E. 431), and cases cited. The error assigned in this case, however, is not excepted to, and therefore no question is presented to this court for determination. The plaintiff in error *alleges* that the court erred in awarding a nonsuit, but the alleged erroneous judgment is not expressly excepted to. "Certain specific assignments of error might be, valid, but if there is no exception to the judgment it would have to .be assumed that there were sufficient reasons authorizing the grant of the judgment rendered which prevented the plaintiff in error from being able to show the court that the errors of which he complained really injured him, or that he was in fact dissatisfied with the final judgment. To authorize a reversal of the judgment of a lower court, not only error, but injury, must be shown." *Elrod* v. *Grant*, 9 *Ga. App.* 307, 309 (71 S. E. 501). There was no such exception to the judgment of nonsuit as is required by the ruling of the Supreme Court in *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353-357 (58 S. E. 1047). See also *Dubberly* v. *Kicklighter*, 12 *Ga. App.* 584 (77 S. E. 914). Error is alleged, but not complained of.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED OCTOBER 31, 1917.

Appeal; from Hancock superior court—Judge Park. March 23, 1917.

*R. H. Lewis*, for plaintiff in. error. *R. L. Merritt*, contra.