## 12534. LANDERS *v.* TOUCHSTONE.

The evidence in this case demanded a finding that the landlord had no lien for supplies, since the supplies were furnished to his tenant by a third person on the tenant's credit, and the mere furnishing of the money, three or four weeks thereafter, by the landlord to enable the tenant to pay promptly for the fertilizer already purchased and partly used was not necessary to make the crop; and the judgment of the trial judge (who tried the case without a jury) in favor of the landlord is contrary to law and the evidence.

DECIDED JULY 26, 1921.

Lien foreclosure; from city court of Floyd county — Judge Nunnally. April 28, 1921.

*Lee J. Langley,* for plaintiff in error. *Denny & Wright,* contra.

BROYLES, C. J. W. C. Touchstone foreclosed his alleged special lien as landlord for supplies furnished his tenant, H. B. Landers, which was levied upon crops grown upon the rented lands. Landers in due time filed his counter-affidavit, setting forth that no such lien as that alleged in favor of the plaintiff existed, and that the obligation proceeded upon was a common-law debt for borrowed money, evidenced by a promissory note. Subsequently, and before the trial was entered upon, Landers, by way of further defense, filed an additional affidavit setting up that he had been adjudicated a bankrupt and had received his final discharge in bankruptcy from the Honorable S. H. Sibley,

judge of the United States district court for the northern district of Georgia, and that the debt proceeded upon was one dischargeable in bankruptcy, and that the indebtedness had been fully satisfied and cancelled by operation of law. It was agreed by both parties that the judge should pass upon these questions without the aid of a jury, and, after hearing evidence, he rendered judgment setting up the lien and giving judgment against the property levied upon. The case comes to this court upon exceptions to this judgment.

As we view the case, it is unnecessary to decide the question as to whether the debt was dischargeable in bankruptcy, etc., since a review of the evidence shows conclusively that the landlord did not have a special lien upon the crops raised upon the rented lands, by virtue of the Civil Code (1910), § 3348, which gives a special lien to a landlord for supplies, money, etc., furnished by the landlord to make the crop. The evidence adduced upon the trial shows, that in March, 1920, the tenant purchased, on his own credit, from the Farmers' Union, $250 worth of guano, to be used in making the crops on the rented land. Subsequently, on May 8, after a portion of the fertilizer had been used, the tenant obtained or borrowed from his landlord $250 to pay for the guano, giving to the landlord his plain unconditional promissory note for this sum. The tenant was a member of the Farmers' Union, the landlord was not. These facts were not contradicted. The undisputed evidence of the tenant, as well as that of another witness, was that only members of the Union could buy fertilizer therefrom. The tenant testified also, without contradiction, that he purchased the fertilizer upon his own credit. The landlord testified: " Landers (the tenant) did not buy the guano from me, nor did I buy it for him, but I furnished the money to pay for it with. He bought the guano from or through the Farmers' Union. I was not a member of the Farmers' Union. I let Landers have the money to pay for the guano on the 8th day of May, 1920. The guano was bought three or four weeks before that, I think, but am not sure just when it was bought."

The facts narrated above were, in substance, the evidence upon which the court, sitting without the intervention of a jury, found that the landlord had a special lien on the crops. We think the

evidence was legally insufficient to support such a finding. "Liens in favor of landlords furnishing supplies arise by operation of law from the relation of landlord and tenant, as well as by special contract in writing, whenever the landlord furnishes the articles enumerated in section 3348, or any one of them, ' to the tenant *for the purpose* therein named.' Civil Code, § 3348, par. 1. The use of supplies furnished for the purpose of making the crop need not be proved, as it is sufficient to *show that the landlord actually furnished the supplies and intended them to be so used.* (Italics ours.) *Nash* v. *Orr, 9 Ga. App.* 33 (70 S. E. 194)." *Buxton* v. *Hickman,* 18 *Ga. App.* 260 (89 S. E. 380). In the instant case the landlord merely furnished the money to pay for the guano *after* the tenant had purchased the same from the Farmers' Union on his own credit, and after a portion of the fertilizer had been used. It cannot, therefore, be said that the landlord actually furnished the money for the purpose of making the crop, or that the furnishing of the money was necessary to make the crop. In the case of *Leonard* v. *Fields, 143 Ga.* 480 (85 S. E. 315), it was said: "It appears from the evidence that the landlord sold the tenants a mule, in October, 1910, reserving title to himself, and about two months thereafter the tenants disposed of the mule. The evidence does not show that the landlord sold the tenants the mule *for the purpose of making* the crop of the ensuing year, *or that the furnishing of a mule was necessary to make the crop.* In other words, the evidence is insufficient to show that the landlord had a special lien upon the crop raised upon the rented premises, by virtue of Civil Code section 3348, which gives a special lien to a landlord for supplies, mules, etc., furnished to make the crop; and this indebtedness must be treated as unsecured by lien on the crop." (Italics ours.)

Also, the uncontradicted evidence shows conclusively that the tenant purchased the guano from or through the Farmers' Union *on his own credit.* This being true, the landlord had no special lien, for, as was held in *Elliott* v. *Parker, 94 Ga.* 620 (20 S. E. 106), "a landlord cannot take a lien for supplies already furnished to his tenant by a third person on the tenant's credit." See also the case of *Brimberry* v. *Mansfield, 86 Ga.* 792 (13 S. E. 132), in which it was held: "A landlord has no lien for supplies which

his tenant purchased from a merchant and for which he stood the tenant's security; nor will the fact that he paid the note given for the supplies, after it became due, entitle him to such lien. If he ordered the supplies upon his own credit and in that manner furnished them to his tenant, he would be entitled to a lien therefor." Likewise, see *Scott* v. *Pound*, 61 *Ga.* 579, where it was said, " if the tenant is the real purchaser [of the supplies] in the first instance, not deriving title through the landlord, there is no lien." The case of *Rodgers* v. *Black*, 99 *Ga.* 139 (25 S. E. 23), is also authority for the proposition that the landlord has a lien if he was the real purchaser, but otherwise if the tenant is the real purchaser.

While it is true that such a question is generally one for determination by a jury, the uncontradicted facts in the case under review demanded a finding that the tenant was the real purchaser of the fertilizer in question, since he bought it from the Farmers' Union on his own credit; and the furnishing of the money, three or four weeks thereafter, by the landlord to enable the tenant to pay promptly for the guano was not necessary to make the crop; and, therefore, the finding in favor of the landlord was contrary to law and the evidence.

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*