### 14068.   PHILLIPS *v.* FREEMAN.

BELL, J. 1. "In order for a landlord to have a lien upon his tenant's crop for supplies, etc., the landlord must furnish the articles, and not merely become the tenant's surety for the price to some other person by whom they are sold to the tenant. The landlord may furnish them directly from his own stores, or may order them from others on his credit, and have them delivered with or without passing through his hands. If he is the real purchaser for the tenant, the case is one for a lien, even though the joint and several note of landlord and tenant be given for the price. But if the tenant is the real purchaser in the first instance, not deriving title through the landlord, there is no lien. What the truth of the matter is, in its substance and reality, is a question for the jury." *Scott* v. *Pound,* 61 *Ga.* 579 (1). See also *Rodgers* v. *Black,* 99 *Ga.* 139 (1) (25 S. E. 23); *Henderson* v. *Hughes,* 4 *Ga. App.* 52 (1) (60 S. E. 813); *Stubbs* v. *Waddell,* 4 *Ga. App.* 264 (1) (61 S. E. 145); *Miller* v. *Franklin,* 14 *Ga. App.* 180 (1) (80 S. E. 549). The evidence in the instant case was sufficient to authorize the finding in favor of the lien.

2. Letters to the tenant from the seller of the fertilizer, demanding payment for the fertilizer and indicating a primary liability of the tenant, offered in evidence by the tenant, were properly excluded as hearsay, the seller not being a party nor the writer a witness.

3. The instruction, "If she did not furnish the guano, if she signed only as security on this note and was not primarily liable on it, why his liability to her would only be the liability a principal bears toward the security, and would not be liable under a landlord's lien, and that is what this case is," was not error upon the ground that "it excluded a material defense of the defendant, in that the court instructed the jury that they must find, 1st, that she did not furnish the guano; 2d, that she signed the [note] only as security; 3d, that she was not primarily liable on the note, all conjunctively, before they could return a verdict for the defendant." The charge was a succinct embodiment of the tenant's contentions, with an instruction that he would not be liable thereunder for the lien. It could only have been understood as charging that if the plaintiff did not furnish the fertilizer, but was merely a surety upon the note given for the purchase price, no lien would arise.

4. Under the rental contract the landlord was to furnish upon her own account one fourth of the fertilizer "that went under the cotton," and one third of the remainder. The value of all the fertilizer used was $537.57. The jury found in favor of the plaintiff $368.11 principal and

$40.82 interest. It is not shown what part of the fertilizer was applied to the several crops, and the principal sum recovered is $9.73 in excess of what the plaintiff might have recovered in case she should have furnished one third of the fertilizer for *all* the crops. If at the time the remittitur is made the judgment of the court below the plaintiff will write off the excess of principal and a proportionate part of the interest, the judgment overruling the motion for a new trial is affirmed; otherwise reversed.

*Judgment affirmed on condition. Jenkins P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Foreclosure of lien; from city court of LaGrange — Judge Duke Davis. October 7, 1922.

*Moon & Parham, L. L. Meadors,* for plaintiff in error.

*Henry Reeves,* contra.