## 16022.  O'QUINN v. CARTER.

JENKINS, P. J.  1. "If the fact of suretyship does not appear on the face of a note, it may be proved by parol; and the relative position of the makers' names is immaterial, if one is surety of the other." *Trammell* v. *Swift Fertilizer Works,* 121 *Ga.* 778 (49 S. E. 739).  Where a tenant and a landlord both sign a mortgage note for the purchase of a mule, apparently as joint makers, but it is agreed between them that the tenant is to "buy" the animal, and the landlord is to "endorse his note for same," and the tenant accordingly so purchased the mule, the landlord is a surety and not a joint maker.

2. Where the transaction between the landlord and tenant is one merely of suretyship on the part of the landlord, such as his indorsement of a mortgage note as described above, for the purchase of a mule, the landlord is entitled to no lien for supplies under section 3348 of the Civil Code (1910) on account of having furnished the animal. *Brimberry* v. *Mansfield,* 86 *Ga.* 792 (13 S. E. 132); *Rodgers* v. *Black,* 99 *Ga.* 139 (25 S. E. 23); *Phillips* v. *Freeman,* 30 *Ga. App.* 450 (1) (118 S. E. 404).  Nor can estoppel operate to create such a special lien, where none exists under the statute.  *Parks* v. *Simpson,* 124 *Ga.* 523 (2) (52 S. E. 616).

3. Where a landlord has no title or lien upon property of the tenant, the oral promise of a third person that, if the landlord will permit the tenant's property to be removed from the landlord's premises to those of the third person, he will be responsible for the payment of a mortgage note, executed by the tenant as principal and by the landlord as surety, is void and unenforceable, as being without a consideration moving either to the promisor or to the tenant.

4. Construing against the pleader, as must be done, the allegation of the landlord's petition for the enforcement against a third person of a promise such as is described above, the plaintiff landlord being merely a surety on the tenant's mortgage note and having no legal right of lien against the tenant, the promise of the defendant to be responsible for the tenant's debt was without a consideration, and for this reason the court did not err in sustaining the general demurrer to the plaintiff's petition.  The petition being thus properly dismissed, it is unnecessary to consider additional grounds of the demurrer relating to the statute of frauds.

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1925.

Complaint; from city court of Jesup — Judge Clark.  December 16, 1924.

*W. B. Gibbs,* for plaintiff.

*J. H. Thomas,* for defendant.