31779.   HEATH *v.* COSTELLO.

DECIDED NOVEMBER 1, 1947.

*W. D. Lanier,* for plaintiff.

*William P. Congdon,* for defendant.

SUTTON, C. J.   This was a dispossessory-warrant proceeding between E. D. Costello, as owner, and Ed Heath, as tenant, based upon the following affidavit: "Municipal Court, City of Augusta, State of Georgia, Richmond County.   Before me, the subscriber, B. K. Armstrong, Deputy Clerk of the Municipal Court, City of Augusta, in and for said County, comes Eugene M. Kerr, Atty., who, on oath, says that E. D. Costello is the owner of a certain house and lot between 12th and 13th St., known as 1265 Broad St. in said county, and that he rented the said house and lot to Ed Heath for the term of three (3) years who agreed and contracted to pay the rent thereof at the first of every month. Deponent says that said lease expired at 8 a. m. July 1, 1947; that said Ed Heath is holding possession of said premises over and beyond the term for which the same were leased; that deponent desires possession of the said house and lot, and has demanded from said Ed Heath possession of the same since the expiration of said lease, and has notified him by registered mail to vacate, but said Ed Heath refuses to vacate.   Wherefore deponent makes this affidavit that a warrant may issue, as provided by law.   Eugene M. Kerr.

"Sworn to and subscribed before me, this 1st day of July, 1947, at 3:45 p. m. B. K. Armstrong, Deputy Clerk, Municipal Court, City of Augusta."

Upon the warrant being served, the defendant demurred to said proceeding upon the following ground:   "He alleges that

the affidavit on which the dispossessory-warrant proceeding is based is insufficient as a matter of law as shown on the face of said affidavit." The trial judge overruled the demurrer, and the defendant excepted.

■ "In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him . . and the owner of the lands or tenements shall desire possession of the same, such owner may, by himself, his agent, attorney in fact or attorney at law, demand the possession of the property so rented, leased, held, or occupied; and if the tenant shall refuse or omit to deliver possession when so demanded, the owner, his agent or attorney at law or attorney in fact may go before the judge of the superior court or any justice of the peace and make oath to the facts." Code, § 61-301. Where the affidavit to obtain a dispossessory warrant is made by an agent or attorney at law or attorney in fact, it should contain a recital of the agency or employment and be signed by such agent or attorney at law or attorney in fact in his individual name. In this connection, see *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846); *Denham* v. *Williams,* 39 *Ga.* 312. In the present case, the affidavit was signed by Eugene M. Kerr individually but it did not contain a recital therein that he was acting as an attorney at law or in fact for the owner of the premises. The fact that the abbreviation "atty." followed his name in the body of the affidavit was not sufficient to show or raise a presumption that he was acting for the owner of the premises, either as an attorney at law or as an attorney in fact, where there were no identifying words in the affidavit to show in what capacity or for whom he was purporting to act. In this connection, see *Reese* v. *Ryals,* 112 *Ga.* 910, 912 (38 S. E. 345). The affiant did not swear or set out in the affidavit that he was acting as the agent or as the attorney at law or attorney in fact for the owner of the premises. The word "attorney" following his name in the body of the affidavit was merely descriptio personæ and, prima facie, the affiant was acting for himself and not for the owner of the premises in making the affidavit. See, in this connection, *State of Georgia* v. *Sallade,* 111 *Ga.* 700 (36 S. E. 922); *Dozier* v. *McWhorter,* 117 *Ga.* 786, 788 (45 S. E. 61), and citations; *Glisson* v. *Weil & Co.,* 117 *Ga.* 842 (45 S. E. 221);

*Fargason* v. *Ford*, 119 *Ga.* 343 (2) (46 S. E. 431), and citations. The affidavit was legally insufficient to support the dispossessory warrant in favor of E. D. Costello against the defendant, and the trial judge erred in overruling the demurrer thereto.

Whether or not, under the provisions of the Code, § 81-1203, the affidavit is amendable to show that the affiant was acting as an attorney at law or as an attorney in fact for the owner is not considered, since there was no offer to amend the same in the court below and no ruling was made thereon by the trial judge.

*Judgment reversed. Felton and Parker, JJ., concur.*